Ramos, Demandante y Apelado, *v.* Sucesión de Salvador Nadal, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización.

No. 2196.—Resuelto en junio 16, 1921.

Indemnización por Negligencia—Negligencia del Chauffeur—Automóviles.—
En un caso de indemnización por accidente de automóvil es suficiente prueba

de la negligencia del *chauffeur* el hecho de no caminar éste, al ocurrir el accidente, por su derecha en la carretera sino por el medio o más bien a su izquierda, así como el de no reducir la velocidad del automóvil al acercarse a la carreta tirada por bueyes que conducía el perjudicado, para evitar que los animales se espantaran.

ID.—PROPIEDAD DEL AUTOMÓVIL CAUSANTE DEL DAÑO—PRESUNCIÓN DE PROPIEDAD DE UN AUTOMÓVIL.—Se presume que la persona que inscribe un automóvil como suyo en el Departamento del Interior a los fines de obtener la licencia correspondiente, es dueña de tal vehículo así inscrito; y dicha presunción no se destruye con la mera presentación de una cuenta de administración de bienes de una tercera persona, rendida por la que inscribió el automóvil como suyo, en la cual figuran asientos relacionados con la permuta de un automóvil por otro de la misma marca del que fué inscrito en el Departamento del Interior.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Francis & de la Haba,* y *A. Nazario Lugo.*

Abogados del apelado: *Sres. Feliú & Alemañy.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

José Ramos demandó a la Sucesión de Salvador Nadal, compuesta de su hija Carmen María Nadal Carrión y de su viuda Cristina Carrión, para que le pagasen cierta cantidad de dinero como indemnización de los daños y perjuicios que el automóvil de su causante don Salvador Nadal le causó cuando él iba en el vehículo el día 11 de febrero de 1919. La sucesión demandada hizo una negación general de los hechos de la demanda y como materia nueva alegó la negligencia contributoria del demandante. Dictada sentencia contra la sucesión ésta interpuso el presente recurso de apelación contra ella alegando como motivos de error de la corte inferior los siguientes:

Primero. Porque la Corte de Distrito de Mayagüez erró al estimar que hubo negligencia por parte del *chauffeur* del automóvil.

Segundo. Porque la Corte de Distrito de Mayagüez erró al no estimar que hubo negligencia contributoria por parte del demandante.

Tercero. Porque la Corte de Distrito de Mayagüez erró al no tomar en cuenta la doctrina del *"last clear chance."*

Cuarto. Porque la Corte de Distrito de Mayagüez erró al estimar que doña Carmen María Nadal y doña Cristina Carrión son responsables por el accidente ocurrido.

Las partes hicieron en el juicio una estipulación en la que la sucesión demandada admitió que el automóvil a que se refiere la demanda estaba registrado el 11 de febrero de 1919 en el Departamento del Interior a nombre de su causante Salvador Nadal y que a su nombre se pagaban las contribuciones, así como que dicho Nadal falleció el 26 de mayo de 1919 siendo sus herederos las demandadas quienes han aceptado su herencia.

Los tres primeros motivos del recurso podemos considerarlos conjuntamente porque todos se reducen a determinar si fué negligente el *chauffeur* de Nadal, si hubo negligencia contributoria por parte del demandante, y si además éste tuvo la última oportunidad de evitar el peligro y no lo hizo.

Toda la prueba del demandante está conteste en que yendo José Ramos a pie delante de su carreta de bueyes de Mayagüez hacia San Germán y por la derecha de la carretera, venía en dirección contraria y por el centro de la carretera, el automóvil de Salvador Nadal, yendo en él su dueño, a mucha velocidad y que como uno de los bueyes de la carreta se ladeó (enquiñó), el demandante para evitar que la carreta se fuera a la cuneta echó manos a uno de los cuernos del buey para sujetarlo en cuyo momento el automóvil tropezó con el demandante lanzándolo contra su carreta, pisándole una rueda un pie, cayendo entonces al suelo y pasándole la misma rueda por encima, así como que el automóvil no detuvo su marcha siguiendo a toda velocidad.

La prueba de la parte demandada tendió a demostrar que el demandante iba por su izquierda en la carretera, que iba montado en su carro y que después que pasó el automóvil

quiso bajarse por el lado opuesto apoyando la garrocha en el suelo pero cayó y la carreta lo pisó.

Como se ve hay un conflicto en la evidencia que resolvió la corte inferior no dando crédito a los testigos de la demandada y por tanto hemos de tener por ciertas las declaraciones de los testigos del demandante, resultando de ellas que el *chauffeur* de la demandada fué negligente de acuerdo con los apartados (*d*) y (*c*) del artículo 12 de la Ley No. 75 de 13 de abril de 1916 para reglamentar el uso de vehículos de motor en Puerto Rico porque no caminaba por su derecha en la carretera sino por el medio, más bien a su izquierda, como dijo algún testigo, y porque al acercarse a la carreta de bueyes del demandante no tomó precauciones para evitar que los animales se asustasen, como se asustó uno de los bueyes, reduciendo la velocidad del automóvil.

La prueba también demuestra que no hubo negligencia contributoria por parte del demandante y que no pudo evitar el accidente.

En cuanto al último motivo de error alegado porque la corte estimó que las demandadas son responsables del accidente ocurrido entendemos que no existe, porque aunque la corte inferior hubiera tomado en consideración la prueba presentada por las demandadas para demostrar que si bien el día del accidente el automóvil estaba registrado en el Departamento del Interior como de la propiedad de su causante Salvador Nadal, sin embargo era de la propiedad de doña Dolores Nadal viuda de Gálvez, tal prueba no es suficiente para destruir la presunción de propiedad *prima facie* que lleva consigo la declaración hecha en el Departamento del Interior. En efecto de ella resulta que siendo Salvador Nadal uno de los apoderados de dicha señora, encargado del arreglo de sus casas destruídas por el terremoto ocurrido allí hace pocos años, entregó algunos meses antes de morir al otro apoderado Pagán una cuenta de administración de los bienes de la señora Gálvez que comprendía desde el 18

de septiembre de 1918 al 30 de abril de 1919, o sea hasta fecha posterior al 11 de febrero de 1919 en que ocurrió el accidente al demandante, en cuya cuenta figuran dos asientos por cantidades para la permuta de un automóvil "Ford" por otro "Dodge"; que el apoderado Pagán nada sabía de dicho automóvil hasta que por la cuenta que le entregó Nadal se enteró de que había sido cargado su importe a la viuda de Gálvez, por lo que se incautó de él después de la muerte de Nadal y porque el testigo que permutó el automóvil "Dodge" por el "Ford," recibiendo además algún dinero, supo que era para la viuda de Gálvez solamente porque se lo dijo el propio Nadal.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.