## Francisco P. Irizarry, demandante y apelado, v. Ramón Díaz Ojea, demandado y apelante.

#### No. 3516.—*Visto:* Marzo 20, 1925. *Resuelto:* Marzo 5, 1926.

1. Sentencia—Confusión (*Merger*) y Exclusión (*Bar*) de Causas de Acción y Defensas—Sentencias Eficaces como Impedimento (*Bar*)—Requisitos para que la Sentencia Anterior Pueda Actuar como Bar a Otra Acción—Identidad de las Partes en los Pleitos.—Cuando no existe la perfecta identidad que la ley exige entre los litigantes en dos pleitos, no procede la excepción de cosa juzgada.

2. Sentencia—Confusión (*Merger*) e Impedimento (*Bar*) de Causas de Acción y Defensas—Sentencias Eficaces como Impedimento (*Bar*)—Requisitos para que una Sentencia Anterior Pueda Actuar como Bar a Otra Acción—Identidad de las Partes en los Pleitos.—Iniciada acción perteneciente a la sociedad de gananciales por la esposa personalmente asistida de su esposo, la sentencia en él dictada no puede invocarse como cosa juzgada en acción posterior fundada en los mismos hechos establecida por el esposo como representante de la sociedad legal de gananciales.

3. Evidencia—Evidencia en Juicio Anterior o en Otro Procedimiento—Admisibilidad de la Misma—Testigos Presentes en la Corte.—Hallándose los testigos presentes, sus declaraciones personales no pueden ser sustituídas por las que prestaran en causa anterior introducidas por el taquígrafo aunque la causa fuera entre las mismas partes y se refiera al mismo asunto.

Sentencia de *Angel Acosta*, J. (Mayagüez), declarando en parte con lugar una demanda sobre indemnización, con costas. *Revocada y devuelto el caso.*

*Angel A. Vázquez*, abogado del apelante; *Benet & Souffront*, abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La demanda contiene dos causas de acción. Por la primera el demandante Francisco P. Irizarry, casado con Providencia Morales, reclamó del demandado Ramón Díaz Ojea una indemnización de tres mil dólares por la angustia mental y daños sufridos en su reputación y estimación entre sus convecinos a virtud de ciertas frases pronunciadas por el demandado en presencia de más de trescientas personas que las oyeron, así difamándolo y exponiéndolo al ridículo público. Por la segunda causa de acción el demandante reclama, basándose en el mismo hecho y por la angustia mental, la falta de atención y afecto de su esposo, los dolores

físicos y trastornos nerviosos, la pérdida de amistades y confianza pública, sufridos por la esposa, la suma de cuatro mil dólares. La demanda es larga y completa en sus alegaciones y puede observarse a primera vista que está redactada después de un cuidadoso estudio de los hechos y la jurisprudencia aplicable.

El demandado excepcionó la demanda por indebida acumulación de acciones y falta de hechos suficientes y la contestó negando sus hechos y alegando que a virtud de cierta agresión que la esposa del demandante realizó contra una hija del demandado, éste, presa de excitación nerviosa, reconvino al demandante haciéndole comprender que resultaba impropio que consintiera que su mujer actuara en la forma en que lo había hecho. Alegó además la cosa juzgada.

El demandado falleció y el demandante pidió y obtuvo que fuera sustituído por sus herederos.

Celebrada la vista del pleito, la corte desestimó la primera causa de acción y declaró con lugar la segunda condenando a los herederos de Ramón Díaz Ojea a pagar al demandante la suma de trescientos dólares y las costas.

No conformes los herederos apelaron para ante esta Corte Suprema señalando seis errores cometidos a su juicio por la corte, 1, al desestimar cierta moción de eliminación; 2 y 3, al declarar sin lugar las excepciones previas; 4, al resolver que no existe la cosa juzgada; 5, al admitir cierta evidencia, y 6, al apreciar la prueba.

Dejaremos de considerar por escrito los tres primeros errores. Los hemos examinado cuidadosamente y carecen a nuestro juicio de mérito alguno.

[1] La cosa juzgada se alegó como sigue en la contestación:

"Asimismo, y como materia de oposición a los hechos de la primera causa de acción, alega el demandado:

"Por sentencia que se encuentra firme, dictada por esta Hon. Corte con fecha 13 de diciembre de 1922, en el caso civil No. 9254 seguido por Providencia Morales, asistida de Francisco P. Irizarry,

contra el ahora demandado Ramón Díaz Ojea, por indemnización, en virtud de las mismas frases y hechos a que se refiere la demanda del ahora demandante, esta Hon. Corte desestimó la demanda, por los méritos de la prueba, en todas sus partes, por lo cual alega ahora el demandado que en el presente caso existe la presunción de cosa juzgada, porque entre éste y el resuelto por la sentencia mencionada concurre la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron."

En el acto del juicio se probó la existencia del otro pleito alegado, pero la parte demandante sostiene, con razón a nuestro juicio, que habiéndose iniciado dicho pleito por Providencia Morales que no tenía derecho a ello pues la acción pertenecía a la sociedad de gananciales, la sentencia en él dictada no puede invocarse para perjudicar la acción ejercitada en este pleito. Que la acción pertenece a la sociedad de gananciales fué resuelto en el caso de *Vázquez* v. *Valdés, et al.*, 28 D.P.R. 467, decisión que acaba de ser ratificada en tal extremo en el caso de *Vázquez* v. *Porto Rico Ry., Light & Power Co.*, 35 D.P.R. 62.

El artículo 1219 del Código Civil revisado (Comp. 1911 sec. 4325) dice que "Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquel en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron." El pleito No. 9254 decidido por sentencia de 13 de diciembre de 1922 es cierto que se basó en los mismos hechos que el presente pero fué iniciado por Providencia Morales personalmente, mientras que en éste figura Providencia Morales como miembro de la sociedad de gananciales constituída con su esposo. El que fuera asistida de su esposo en el primer pleito no altera la situación. No existe, pues, la *perfecta identidad que la ley exige entre los litigantes en ambos pleitos,* y en tal virtud no procede la excepción de cosa juzgada.

[2] El quinto error se formula así: "La corte erró al

admitir en evidencia, a pesar de la oposición de la demandada, declaraciones de testigos presentados en otro juicio.''

Sucedió que al declarar los testigos presentados por la parte demandante con respecto a las palabras que oyeron pronunciar a Ramón Díaz, que constituyen la base de la reclamación, la parte demandada se opuso por tratarse de manifestaciones de un difunto. Se recordará que Díaz falleció y fué sustituído por sus herederos. Insistió el demandante en que su prueba era pertinente. Continuó oponiéndose la parte demandada y después de un largo debate la corte negó la prueba, y la parte demandante tomó excepción. Así las cosas el demandante manifestó: ''Ahora nosotros podemos presentar aquí la prueba del taquígrafo de la corte y del récord anterior en que este testigo declaró en presencia de Ramón Díaz Ojea, y que don Ramón Díaz Ojea tuvo oportunidad de repreguntarlo.'' Y la corte dijo: ''Puede traer la prueba ésa.'' Y la parte demandada expresó: ''Nosotros tomamos excepción.'' El caso se repitió varias veces siendo resuelto en todas substancialmente en la misma forma.

En su alegato la parte demandada dice: ''Con la admisión de esa evidencia, la Hon. Corte sentenciadora infringió, a nuestro juicio, el inciso 6 del artículo 35 de la Ley de Evidencia, ya que ninguno de los testigos cuyas declaraciones fueron admitidas había fallecido, sino que estaban en la presencia del tribunal, y no estaban imposibilitados para declarar.''

A nuestro juicio el error cometido es tan claro que no podemos llegar a otra resolución que no sea a la de revocar la sentencia apelada. El número 6 del artículo 35 de la Ley de Evidencia es terminante. Sólo podrá admitirse el testimonio de un testigo prestado en una causa anterior entre las mismas partes y referente al mismo asunto, cuando el testigo hubiere fallecido, o se hallare fuera de la jurisdicción de la corte o estuviere imposibilitado para testificar. Y aquí los testigos estaban en la corte misma. Y el error

es perjudicial porque la sentencia condenatoria se basa en las declaraciones así admitidas.

El hecho de que una corte cometa un error, como lo cometió la corte sentenciadora en este caso, al no permitir declarar a los testigos del demandante sobre las palabras causantes del daño, pronunciadas, según la demanda, por Ramón Díaz Ojea, no obstante haber éste fallecido a la fecha del juicio, no autoriza a la parte perjudicada a introducir prueba en contra de la ley y la protesta de la otra parte.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*