Inés Parrilla, demandante y apelante, *v.* Loíza Sugar Co., demandada y apelada.

Núm. 6697.—*Sometido:* Diciembre 15, 1936. *Resuelto:* Noviembre 4, 1937.

*Carlos D. Vázquez,* abogado de la demandante; *Jaime Sifre, Jr., Horacio Franceschi y Antonio J. Matta,* abogados de la apelada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Fué en 28 de febrero de 1933 que Inés Parrilla radicó su demanda original en el caso que pende ante nuestra consideración. Alegó en ella que los empleados de la compañía demandada y sus familiares tenían por costumbre, con el consentimiento, conocimiento y entero beneplácito de la compañía, viajar en un tren de carga perteneciente a ésta, entre ciertos puntos que se especifican; que en diciembre 26, 1922, la demandante y su hijo legítimo menor de edad, Carmelo Villarán, viajaban en el aludido tren por invitación expresa de los empleados de la demandada; que en la fecha antes indicada, y debido a la negligencia de los empleados que conducían el tren, el vagón en que ella y su hijo viajaban se descarrilló y se volcó, causándole tales lesiones al niño que éste murió a consecuencia de las mismas; que la demandante sufrió daños y perjuicios ascendentes a $10,000; que su esposo, Celestino Villarán, había instado demanda por esta misma causa de acción en diciembre 13, 1923, la cual fué desestimada a virtud de una moción de *nonsuit* y luego se apeló para ante este Tribunal Supremo; que la sentencia declarando sin lugar la demanda fué finalmente confirmada el 31 de mayo de 1932; que su esposo murió el 17 de octubre de dicho año, y que ésa es la causa por la cual ella instruye ahora el litigio en vez de hacerlo él.

Al presentarse moción a ese efecto la corte de distrito ordenó que la alegación relativa a la costumbre de los empleados y sus familiares de viajar en el tren de la demandada con el consentimiento, conocimiento y entero beneplácito de ésta fuese eliminada.

En mayo 29, 1933, se presentó una demanda enmendada que era prácticamente idéntica a la original, a excepción de que omitía la materia eliminada. Se radicó entonces una nueva moción para eliminar, en la cual se repetían algunas de las objeciones presentadas a la demanda original y que ya

habían sido denegadas. En adición a ello la demandada solicitó, entre otras cosas, que las alegaciones relativas a la causa original deducida por el marido en 1925 y a la muerte de éste fuesen eliminadas. La moción fué declarada con lugar en su totalidad.

Finalmente, en 3 de noviembre de 1933, la demandante radicó una segunda demanda enmendada en la cual excepcionaba la decisión dictada sobre la moción para eliminar parte de la primera demanda enmendada, y entonces procedía a aducir hechos que de su faz estaban sujetos a la defensa de prescripción. Esta defensa fué debidamente planteada y la corte inferior, acertadamente, declaró sin lugar la demanda.

■ La apelada levanta nuevamente en su alegato la cuestión jurisdiccional original que fué resuelta en su contra por este tribunal el 20 de febrero de 1936. Nos negamos entonces a desestimar el recurso por no haber adherido la apelante un sello de rentas internas de $5 a su escrito de apelación, fundados en que los litigantes *in forma pauperis* estaban exentos de incurrir en tal gasto, siguiendo así nuestra decisión en el caso de *Rosado* v. *American R. R. Co.* 37. D.P.R. 623. Nada tenemos que agregar a nuestra anterior opinión en este mismo caso.

■ El primero de los errores señalados se refiere a la forma de resolver la moción para eliminar parte de la demanda original. La apelante sostiene que la eliminación del tercer párrafo de su demanda no procedía. La alegación en cuestión aducía que era costumbre, para la época del accidente, que los empleados de la demandada y sus familiares tomaran el tren de la demandada con el consentimiento y aprobación de ésta. Considerando la demanda en su totalidad hallamos que la demandante descansa para su causa de acción más o menos en una invitación por parte de los empleados de la demandada. Bajo estas circunstancias nos inclinamos a creer que la supuesta costumbre era pertinente para demostrar que los empleados estaban implícitamente autorizados para invitar a sus familiares o los de los demás

empleados a que viajaran en el tren y que no procedía su eliminación por la corte inferior.

 Los señalamientos segundo y tercero se refieren a haber declarado la corte inferior con lugar de la moción para eliminar de la demanda enmendada, aquella parte que repetía objeciones negadas bajo la primera moción y aquella parte que suscitaba objeciones que pudieron ser planteadas bajo la primera moción y no lo fueron. En lo que a ambas cuestiones concierne somos de opinión que la ley y la práctica están en favor de la certeza de la actuación de la corte inferior. Caía dentro de la discreción de la corte sentenciadora considerar la moción en su totalidad, especialmente en ausencia de una objeción oportuna por parte de la demandante.

 La resolución del cuarto señalamiento envuelve una cuestión muy importante de interpretación estatutaria. La corte inferior había eliminado los siguientes párrafos de la demanda enmendada:

"8. Alega la demandante que bajo el número 251 de los asuntos civiles de la Corte de Distrito de San Juan, segundo distrito, Celestino Villarán, padre legítimo del fallecido menor, Carmelo Villarán, comenzó este pleito contra la ahora demandada, el 13 de diciembre de 1923, por la misma causa de acción que ahora se ejercita, habiendo sido dicho caso resuelto en virtud de una moción de *nonsuit* y no por los méritos del mismo, en contra de las pretensiones del allí demandante, y confirmada la sentencia desestimatoria de la demanda, en apelación, por la Hon. Corte Suprema de Puerto Rico, en mayo 31, 1932, estando en la actualidad firme dicha sentencia.

"9. Alega la demandante que Celestino Villarán falleció el día 17 de octubre de 1932, siendo ésta la causa por la cual dicha demandante establece este pleito en vez de hacerlo aquél." Legajo de sentencia, pág. 12.

La corte eliminó los párrafos anteriores por las razones alegadas en la misma moción. Estas fueron:

"8. Los párrafos octavo y noveno de la demanda enmendada deben ser eliminados en su totalidad por ser inmateriales e impertinentes, ya que de acuerdo con el artículo 60 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley núm. 77 de 20

de julio de 1921 (pág. 703), el padre o la madre, solos o conjuntamente, podrán entablar una acción de daños y perjuicios por la muerte de un hijo menor, ocasionada por la culpa y negligencia de una tercera persona; que la demandante no era parte en el pleito entablado por Celestino Villarán (1 Sutherland Code Pleading & Practice & Forms, párrafo 8; *Pierce* v. *Conners,* 46 Am. St. Rp. 279; *H. B. Claflin Co.,* v. *Middlesex Banking Co.,* 113 Fed. 958); que dichos dos párrafos son impertinentes porque se han alegado con el propósito de que no se interponga la defensa de limitación y que de acuerdo con las decisiones antes citadas y la siguiente cita de 37 C. J., pág. 1092, párrafo 554, por no ser las mismas partes en el primero y segundo pleito, el estatuto de limitación es una defensa suficiente; que por tales motivos las alegaciones contenidas en los párrafos octavo y noveno son impertinentes y deben ser eliminados.''

Si a tenor de las disposiciones del artículo 60 del Código de Enjuiciamiento Civil (edición de 1933) la esposa tiene una acción de daños y perjuicios por la muerte de su hijo menor de edad, independientemente de la acción concedida al marido, y viceversa, entonces la institución del pleito por uno de los esposos no obstruiría o suspendería el período prescriptivo en lo que a la causa de acción del otro se refiere. Bajo esas circunstancias la corte sentenciadora procedió correctamente al eliminar los párrafos arriba reseñados. Empero, si el artículo citado tan sólo concede una causa de acción, y cualquiera de los esposos, o ambos conjuntamente, pueden iniciar el recurso, entonces el presente litigio no habría prescrito.

El artículo 60, supra, lee así:

''Un padre legítimo o natural reconocido, que no hubiere abandonado a su familia, y la madre legítima o natural, solos o conjuntamente podrán entablar demanda por daño causado a un hijo menor de edad, o por la muerte de éste, y un tutor por daño a un menor o pupilo, o muerte de éste, cuando dicho daño o muerte se deba al acto ilegal o negligencia de otro. Dicha demanda podrá entablarse contra la persona causante del daño o muerte, y si dicha persona estuviese empleada por otra persona responsable de su conducta, también contra ésta; *Disponiéndose,* que la madre legítima o natural será siempre partícipe en la acción, en proporción igual al padre legítimo o natural reconocido; *Y disponiéndose, además,* que nada

de lo establecido anteriormente se entenderá en violación de los derechos de herencia establecidos por el Código Civil y de las acciones que son consecuencia de los mismos.''

La demanda original en este caso fué presentada en 1923, declarada sin lugar a base de una moción de *nonsuit* y la sentencia desestimatoria confirmada por este tribunal en mayo 31, 1932 (*Villarán* v. *Loíza Sugar Co.*, 43 D.P.R. 605.) Si el demandante original, esposo de la aquí apelante, hubiese vivido, él hubiera tenido hasta el 31 de mayo de 1933 para radicar una nueva demanda. Véase *De Jesús* v. *De Jesús*, 37 D.P.R. 152 y *Sucn. Gorbea* v. *Portilla*, 46 D.P.R. 289. Mas Celestino Villarán falleció en octubre, 1932, y su viuda, Inés Parrilla, radicó el presente recurso en febrero, 1933.

La cuestión que está ante este tribunal no es fácil, pues el contexto del estatuto no es enteramente claro. Sin embargo, debe dársele el significado que, sin violentar la letra de la ley, se adapte más íntimamente a la intención probable de la legislatura, conforme pueda ésta colegirse de los códigos de Puerto Rico y de los principios generales de derecho que ésta debe haber tenido en consideración al redactar el estatuto. Con esto queremos significar que ha de hacerse un análisis de la naturaleza de la causa de acción proveniente de la muerte del menor. En ninguna parte del Código Civil se menciona específicamente esta acción o esta situación. Por lo que hemos podido hallar, tan sólo el artículo 60, supra, arroja alguna luz directa sobre la materia.

En nuestra opinión, si hay algo durante la existencia del matrimonio en que tanto el padre como la madre tienen igual interés, ello es la prole. Como jefe de la sociedad de gananciales el padre está investido por ley de ciertos privilegios de administración. Como cabeza de familia está igualmente investido de ciertas prerrogativas sobre sus hijos menores de edad. Este tribunal ha resuelto en repetidos casos que la causa de acción proveniente de las lesiones causadas a la esposa corresponde a la sociedad de gananciales y debe ser entablada por el marido. Hemos ido aún al extremo de ne-

garle a la esposa *status* ante los tribunales. *Vázquez* v. *Valdés,* 28 D.P.R. 467; *Vázquez* v. *P. R. Railway Light & Power Co.,* 35 D.P.R. 62; *Irizarry* v. *Díaz,* 35 D.P.R. 144; *Dávila* v. *P. R. Railway Light & Power Co.,* 44 D.P.R. 950.

Más recientemente, en el caso de *Flit* v. *White Star Bus Line,* 49 D.P.R. 144, nos entregamos a un razonamiento similar al sugerido por la aquí apelante en su alegato. Para concluir que la causa de acción y los daños y perjuicios resultantes de las lesiones causadas a la esposa correspondía a la sociedad de gananciales, dijimos:

"Es cierto que bajo nuestro Código Civil el artículo 1301 no dice claramente que la compensación proveniente de lesiones producidas al marido o a la mujer será considerada ganancial. Si se examina el artículo 1299, se verá fácilmente que la propiedad o causa de acción en disputa no está definida como privativa. Si se tratara de aplicar la máxima *expressio unius est exclusio alterius* se notará que la indemnización que aquí se trata de recobrar está excluída de ambas definiciones; en otras palabras, que no hay disposición específica en el Código Civil que disponga que la compensación aquí envuelta corresponde a la sociedad conyugal o al individuo privativamente. Sería una cuestión de *casus omissus.*

"Bajo estas circunstancias, creemos que puede acudirse al artículo 1307, que crea una presunción en favor de la comunidad. Estamos muy contestes con la apelante en que ésta es una presunción que de ordinario puede ser controvertida mediante prueba en contrario. Mas nos sentimos obligados a resolver que toda vez que no hay disposición legal que de manera clara otorgue esta clase de bienes a una u otra entidad, todo aquél que tratara de destruir la presunción, se hallaría ante una barrera infranqueable. No puede controvertírsele. Por tanto, nos inclinamos fuertemente al criterio de que la que de ordinario es una presunción refutable se convierte en este caso en presunción concluyente."

Sin considerar aún el posible efecto del artículo 60, supra, nos inclinamos a creer que el razonamiento anterior es igualmente aplicable al caso que está ante nuestra consideración.

Los daños y perjuicios a recobrarse por el padre y la madre por la muerte de un hijo menor de edad deben medirse por la pérdida pecuniaria causádasles a virtud de tal muerte.

Está más en armonía con los principios generales de la sociedad de gananciales el interpretar el artículo 60 en el sentido de que permite al padre o a la madre, o a ambos conjuntamente, presentar una demanda para recobrar la pérdida total sufrida por la sociedad. Desde luego, la interposición de una demanda por cualquiera de ellos sería un impedimento a la interposición de un recurso similar por el otro. El artículo 60 por sus propios términos dice:

*"Disponiéndose,* que la madre legítima o natural será siempre partícipe en la acción, en proporción igual al padre legítimo o natural reconocido; *Y disponiéndose, además,* que nada de lo establecido anteriormente se entenderá en violación de los derechos de herencia establecidos por el Código Civil y de las acciones que son consecuencia de los mismos."

El primer disponiéndose implica que la indemnización, aunque en él se usa la palabra "acción," corresponderá en partes iguales a los cónyuges. En lo que al último disponiéndose concierne, nos inclinamos a creer que éste se refiere al derecho de sucesión que tienen los herederos del menor, a cualquier causa de acción o *chose in action* que pueda corresponder a él personalmente por razón de sus lesiones o muerte.

Hemos revisado los casos en que esta corte ha considerado hechos similares a los del presente, pero en ninguno de ellos hemos resuelto la cuestión específica que ahora está ante nosotros. En la mayoría de ellos el padre y la madre se unieron en el recurso, y en los otros el padre dedujo la demanda.

Bajo el punto de vista que hemos asumido, creemos que la acción originalmente instruída por el marido interrumpió con éxito la prescripción de la causa de acción en favor de la sociedad de gananciales y que el pleito posteriormente entablado por la esposa como representante supérstite de la comunidad fué meramente la continuación del litigio anterior por una parte demandante debidamente sustituída. Resolvemos, por tanto, que la acción iniciada por el padre originalmente y la instada por la madre en 1933, que ahora se encuentra ante este tribunal en apelación, son recursos ins-

truídos por la misma parte demandante, o sea por la sociedad de gananciales, representada en el litigio anterior por su administrador, y en el presente caso por su sucesora legal. :

Tan sólo existe una causa de acción, que quizá pueda ser ejercitada a veces indistintamente por cualquiera de los padres.

*La sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Presidente Señor del Toro y Asociado Señor Córdova Dávila no intervinieron.