ÁNGEL M. VARGAS, demandante y apelado, *v.* MIGUEL ALERS
VÁZQUEZ, demandado y apelante.

Núm. 9641.—*Sometido:* Junio 2, 1948. *Resuelto:* Julio 21, 1948.

*Benjamín Ortiz* y *Álvaro Ortiz,* abogados del apelante; *Bauzá & Bauzá,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El Tribunal de Distrito de San Juan dictó sentencia en este caso declarando con lugar la demanda enmendada y condenando al demandado a satisfacer a los demandantes la suma de $3,000 en concepto de daños y perjuicios por la muerte de su hijo de seis años de edad, ocasionada como consecuencia de haber sido arrollado por el automóvil del demandado mientras era guiado por éste, por el lado izquierdo de una calle en la Urbanización Roosevelt de Hato Rey. No conforme el demandado apeló y en este recurso alega que la corte inferior erró: 1º al declarar sin lugar la moción sobre desestimación de la demanda enmendada y resolver que la reclamación no había prescrito; 2º al conceder una indemnización basándose exclusivamente en los sufrimientos mentales de la parte demandante, y por ser la suma concedida excesiva; 3º al declarar sin lugar su moción de *non-suit;* 4º al dictar una sentencia que es contraria a derecho por no estar sostenida por la prueba que el demandado fuera negligente, y 5º al apreciar la prueba y resolver el conflicto a favor de la parte demandante.

La demanda original fué radicada por Ángel M. Vargas. En ella se alegó que era casado con doña Graciela Raldiris con quien vivía, siendo el niño Ángel Mario Vargas Raldiris, hijo legítimo de dicho matrimonio. El demandado contestó esa demanda negando todos los hechos alegados en ella. Posteriormente el demandante radicó una moción solicitando permiso de la corte para radicar una demanda enmendada, que acompañaba, en la cual se alegó, en el hecho 1ºB, que el demandante comparece por sí y en representación de su se-

ñora esposa, doña Graciela Raldiris, siendo ellos los únicos y universales herederos de su hijo fallecido. El demandado radicó entonces una moción solicitando se eliminara la demanda enmendada y desestimara la demanda original, 1º por no haber el demandante obtenido permiso previo de la corte para radicar la demanda enmendada; 2º que la demanda original no aduce hechos suficientes constitutivos de causa de acción; 3º que la demanda enmendada introduce una acción distinta a la que se alegó en la demanda original; 4º que no se puede subsanar una demanda que no aduce una causa de acción con una demanda enmendada que introduzca una causa de acción distinta, y 5º que la causa de acción alegada en la demanda enmendada está prescrita.

Casi un año después de radicada esta moción, la corte dictó resolución(¹) declarándola sin lugar por el fundamento de que el propósito de la alegación contenida en el hecho 1ºB de la demanda enmendada era corregir un defecto que tenía la demanda original, ya que de acuerdo con la Regla 17(*j*) de Enjuiciamiento Civil, (²) la madre legítima deberá ser siempre partícipe en la acción y que, por tanto, la acción ejercitada no está prescrita.

██ Arguye el apelante, en primer término, que la corte erró al no eliminar la demanda enmendada radicada sin

---

(¹)La moción se radicó el 10 de mayo de 1945 y la resolución se dictó el 4 de abril de 1946.

(²)La Regla 17(*j*) de las nuevas Reglas de Enjuiciamiento Civil no existe en las Reglas Federales. Es una reproducción literal del artículo 60 del Código de Enjuiciamiento Civil y dispone: "(*j*) *Demanda por Daño o Muerte de un Hijo Menor de Edad.*—Un padre legítimo o natural reconocido, que no hubiere abandonado a su familia, y la madre legítima o natural, solos o conjuntamente podrán entablar demanda por daño causado a un hijo menor de edad, o por la muerte de éste, o un tutor por daño a un menor o pupilo, o muerte de éste, cuando dicho daño o muerte se deba al acto ilegal o negligencia de otro. Dicha demanda podrá entablarse contra la persona causante del daño o muerte, y si dicha persona estuviese empleada por otra persona responsable de su conducta, también contra ésta; Disponiéndose, que la madre legítima o natural será siempre partícipe en la acción, en proporción igual al padre legítimo o natural reconocido; y disponiéndose, además, que nada de lo establecido anteriormente se entenderá en violación de los derechos de herencia establecidos por el Código Civil y de las acciones que son consecuencia de los mismos."

permiso de la corte, lo cual era necesario, de acuerdo con la Regla 15(a) de Enjuiciamiento Civil, debido a que la demanda original ya había sido contestada por el demandado.[3] Si bien de los autos no aparece que la corte concediera o denegara la petición hecha por el demandante solicitando permiso para radicar la demanda enmendada, implícitamente dicho permiso fué concedido al denegar la moción del demandado para que se eliminara la demanda enmendada y se desestimara la original.

■ Sostiene el apelante, además, que la acción ejercitada por la esposa, al ser incluída en la demanda enmendada, era una acción distinta a la iniciada por su esposo en la demanda original y que habiéndose radicado aquélla después de haber transcurrido un año de la fecha en que ocurrió el accidente, estaba prescrita. No tiene razón. En los casos de *Parrilla* v. *Loíza Sugar Co.*, 52 D.P.R. 241 (bajo el artículo 60 del Código de Enjuiciamiento Civil), y *Asencio* v. *Am. Railroad Co.*, 66 D.P.R. 227 (bajo la Regla 17(j), equivalente al artículo 60, supra), hemos resuelto que bajo dicha disposición legal "Tan sólo existe una causa de acción, que quizá pueda ser ejercitada indistintamente por cualquiera de los padres." Tratándose de una causa de acción a favor de los padres, la demanda enmendada no incluyó una causa de acción distinta a la expuesta en la demanda original, y por tanto, no estaba prescrita.

■ El hecho de que en la demanda enmendada se dijera que el demandante y su esposa son los únicos y universales herederos de su hijo fallecido, no significa que la causa de

---

[3] La Regla 15(a), en lo pertinente, dispone que:

"(a) *Enmiendas*.—Cada parte tiene derecho a enmendar sus alegaciones una vez en cualquier momento antes de que se le notifique una alegación responsiva, pero si su alegación es de las que no admiten contestación y el pleito no ha sido incluído en calendario para juicio, puede de igual modo enmendarla en cualquier fecha dentro de los diez días después de haber notificado su alegación. En cualquier otro caso las partes pueden enmendar su alegación únicamente con permiso de la corte o mediante el consentimiento por escrito de la parte contraria; se concederá el permiso liberalmente cuando la justicia así lo requiera."

acción que se ejercita sea aquélla a que hubiera tenido derecho el hijo, como arguye el apelante. Tanto la demanda original como la enmendada, están predicadas en la causa de acción de los padres por los daños sufridos por el fallecimiento de su hijo como consecuencia del acto torticero del demandado.

█ No se cometió el primer error y tampoco el segundo, pues hemos resuelto, y así lo admite el apelante en su alegato, que los sufrimientos mentales son un elemento de daños que deben ser compensados al ocasionarse la muerte de un hijo. *Orta* v. *P. R. Railway, L. & P. Co.,* 36 D.P.R. 743; *López* v. *American Railroad Co. of P. R.,* 50 D.P.R. 1; *Rojas* v. *Maldonado,* 68 D.P.R. 818. La compensación de tres mil dólares concedida en este caso no puede considerarse exagerada. *Cf. Rojas* v. *Maldonado,* supra.

█ En los señalamientos tercero, cuarto y quinto, el apelante sostiene que la corte erró al declarar sin lugar su moción de nonsuit y al dictar una sentencia que es contraria a la prueba, incurriendo en manifiesto error al apreciarla. En la opinión dictada por la corte sentenciadora, al referirse a la prueba, hizo constar lo siguiente:

"El accidente en que halló su muerte el menor Ángel Mario Vargas Raldiris ocurrió, de acuerdo con la prueba de los demandantes, que es la que nos ha merecido mayor crédito, de la manera siguiente: El día 18 de febrero del año 1944 el referido niño asistió como de costumbre a la escuela 'maternal' situada en la vía pública que de la carretera Ponce de León conduce a la Barriada Eleanor Roosevelt y que es conocida por el nombre de 'Carretera Insular'. A las cuatro de la tarde dicho niño abandonó la escuela acompañado de su hermanita Carmen Alicia Vargas Raldiris, de 10 años de edad, quien había venido a buscarlo por órdenes de su madre. En el lado opuesto de la calle, en el número 7, vivía Nicolás Iglesias, condiscípulo de Ángel Mario Vargas. Después de abandonar la escuela cruzaron la calle Ángel Mario, Nicolás, Carmen Alicia y Luis Gualberto Vargas, otro hermanito de Ángel Mario, y se pusieron a jugar con bolitas de cristal en la acera de la casa de Nicolás. El juego que jugaban, en el argot infantil, se denomina choli y cuarta

o testa y cuarta o simplemente testa, y consiste de impulsar o lanzar una bolita contra otra, dándole con la uña de un dedo. En dicho juego, algunas de las bolas al rodar caían fuera de la acera, sobre el encintado de la calle. Como a las cinco de la tarde del indicado día, el demandado se dirigía hacia la residencia del Ledo. Benjamín Ortiz, sita en un barrio de Guaynabo, conduciendo el automóvil número 655 por la referida 'Carretera Insular', a una velocidad moderada. En los momentos en que dicho automóvil se aproximaba al sitio en que jugaban los referidos niños, el demandado conducía dicho automóvil, de la propiedad de su esposa Encarnación Maldonado, *por la izquierda de la referida vía pública tan cerca de la acera de dicho lado que arrolló al referido menor en momentos en que éste estaba parado sobre el encintado del lado izquierdo de la carretera,* pegado a la acera de la mencionada casa número 7, esperando que su hermanita Carmen Alicia le diera con la bola de ella a su bolita que se había rodado fuera de la acera y caído sobre el encintado. Al arrollarlo le produjo contusiones que le causaron la muerte poco tiempo después.

"Dicho accidente obviamente se debió a la culpa del demandado al conducir dicho automóvil *por el lado izquierdo de la calle,* en violación del inciso (*d*) del artículo 17 de la Ley de Automóviles vigente, y en forma tan descuidada que no se percató de la presencia del niño en el sitio antes indicado hasta después de haberlo arrollado con el vehículo." (Bastardillas nuestras.)

Hemos leído detenidamente la transcripción de la evidencia presentada en este caso y somos de opinión que la corte inferior no erró al desestimar la moción de nonsuit y tampoco cometió manifiesto error al apreciar la prueba en su totalidad. Tanto de la prueba de los demandantes como de la del demandado, surge el hecho de que este último incurrió en negligencia al guiar su automóvil por el lado izquierdo de la calle sin percatarse de que, pegado a la acera izquierda, había varios niños de corta edad jugando, y que, debido a su descuido, arrolló al hijo de los demandantes. No dió crédito la corte a la prueba del demandado, tendiente a demostrar que el menor estaba cruzando la carretera al ser arrollado y por tanto descartó la defensa del demandado al efecto de que el accidente se debió a la negligencia contri-

butoria del niño. Bajo las circunstancias concurrentes en este caso, la negligencia del demandado consistió en conducir su automóvil por el lado izquierdo de la carretera, en violación de la ley, sin que se demostrara justificación alguna para ello. Como se dijo en el caso de *Olson* v. *Meachem*, 19 P.2d 527, 530, al referirse a una instrucción dada por la corte al jurado: "Nada hay en la instrucción que fije la responsabilidad en el demandado. Simplemente expone que la violación de una ley constituye, bajo ciertas circunstancias, negligencia. En este caso, conducir (el automóvil) por el lado izquierdo de la carretera cuando no existía necesidad para así hacerlo, constituyó negligencia." Véase, además, *Ramos* v. *Sucn. de Salvador Nadal*, 29 D.P.R. 587.

*Debe confirmarse la sentencia.*

El Juez Asociado Sr. De Jesús no intervino.