## Vázquez, Demandante y Apelante, v. Valdés et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios por negligencia.

No. 2044.—Resuelto en mayo 20, 1920.

Rebeldía — Negativa del Secretario a Anotar Rebeldía — Orden Revisable en Apelación.—La orden del secretario de una corte anotando una rebeldía o dictando sentencia en rebeldía puede ser revisable en apelación, pero no así la negativa de dicho funcionario a actuar de tal suerte, en cuyo caso el medio adecuado sería pedir a la corte que obligara al secretario a actuar.

Id.—Término para Contestar.—Si los demandados no formulan su contestación después de desestimada la excepción previa, dentro del término concedido y en su lugar presentan otras mociones, el término corre contra ellos desde la desestimación de la excepción previa y si vence, dichos demandados se encuentran técnicamente en rebeldía.

Id.—Sentencia en Rebeldía—Prueba de los Daños en Acciones de Negligencia.—Es correcta la negativa de la Corte a negarse a dictar sentencia en rebeldía en una acción por negligencia sin la previa celebración de una vista a fin de examinar la prueba de los daños. Esto, aparte de su derecho a examinar la demanda para ver si determina una causa de acción.

Id.—Apertura de Rebeldía—Discrecion Judicial.—La facultad para abrir una rebeldía es inherente en la corte y no depende solamente del artículo 140 del Código de Enjuiciamiento Civil, y aunque así fuera, dicho artículo es lo suficientemente lato para conferir a la corte amplia discreción en cuestiones como ésta.

Id.—Apertura de Rebeldía—Discreción Judicial.—Aunque los apelantes tenían un derecho técnico a la rebeldía, los hechos del presente caso no muestran abuso de discreción por parte de la corte inferior al abrir dicha rebeldía.

Daños y Perjuicios a la Esposa por Negligencia—Bienes Gananciales—Causa de Acción.—No considerando el artículo 1314 del Código Civil Revisado como bienes propios de la esposa el derecho a reclamar indemnización por daños y perjuicios causados a ésta, tal derecho es necesariamente una propiedad ganancial, por lo que no aduce hechos suficientes para constituir causa de acción una demanda en la cual la reclamación no se establece para la sociedad de gananciales sino para la esposa exclusivamente; y no altera la regla el hecho de que la esposa reclamante aparezca en la demanda siendo asistida por su esposo.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. J. J. Ortiz Alibrán y A. Arroyo.

Abogados de los apelados: Sres. Feliú y Alemañy.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El primer señalamiento de error que se alega es que el secretario de la corte de distrito erró al rehusar anotar la rebeldía de los demandados. Es dudoso si de acuerdo con el artículo 305 del Código de Enjuiciamiento Civil puede esta corte revisar la negativa de un secretario a anotar una rebeldía. Dicho artículo es como sigue:

"En la apelación de una sentencia, la corte de apelación podrá revisar la resolución apelada y cualquiera otra providencia o resolución interlocutoria, si hubiere sido objeto de excepción y se refiera a los hechos (*merits*) en que là sentencia se base o necesariamente la afecte, excepto cuando se trate de una resolución o providencia de la que se hubiere podido apelar."

Son las providencias o resoluciones de la corte las que están sujetas a revisión. Aunque una orden del secretario anotando una rebeldía o sentencia puede ser revisable, como cuestión revisable la negativa del secretario en actuar no es nada en absoluto. El medio adecuado a que ha de recurrir un apelante, como han sugerido los apelados, sería pedir a la corte que obligue al secretario a actuar.

Asumiendo que tal omisión en actuar sea revisable, debe observarse que al ser presentada la moción para que se anotara la rebeldía los demandados habían radicado dos mociones dirigidas a la suficiencia de la demanda y para eliminar ciertas partes de dicha demanda enmendada. Qué eran estas dos mociones, no consta propiamente de los autos y la única forma en que aparecen en los autos es en la comunicación del secretario a los apelantes, en la cual el secretario expresa las razones que tiene para no anotar la rebeldía, y en una moción de los apelantes en la que piden que las referidas mociones sean eliminadas. No vemos que las mociones figuren debidamente en los autos y esto sería motivo suficiente para no considerar como error la negativa del secretario a anotar la rebeldía. Convenimos, no obstante, con el secretario en que él no tenía derecho a apreciar el efecto de dichas mociones de los demandados, que sus deberes son meramente ministeriales o aquellos que claramente indica la

ley y por tanto, que no cometió error alguno al negarse a anotar la rebeldía.

La corte declaró con lugar la moción de los demandantes sobre eliminación de las referidas mociones sin prorrogar más el término al demandado para contestar. Sostienen los apelados que al radicar ellos sus dos mociones contra la demanda su término para contestar no había vencido y que estas dos mociones interrumpieron dicho término. No podemos estar de acuerdo con los apelados. Si los demandados no formulan su contestación después de desestimada la excepción previa, como en este caso, dentro del término concedido y en su lugar presentan otras mociones, deberán tener el cuidado de pedir a la corte que les prorrogue su término para contestar. De otro modo el término corre contra ellos desde la desestimación de la excepción previa y si vence, dichos demandados se encuentran técnicamente en rebeldía. Por consiguiente, suponiendo que la demanda determinaba una causa de acción, los demandantes tuvieron perfecto derecho a solicitar la anotación de la rebeldía y estuvo justificado el secretario por esta suposición al anotarla, lo que hizo el día 10 de mayo, 1918.

Los demandantes, entonces, en 14 de mayo, 1918, pidieron a la corte que dictara sentencia a lo que se negó dicha corte. Esta negativa constituye el segundo señalamiento de error. Creemos, sin embargo, que la corte procedió correctamente, pues ésta era una acción por negligencia y era necesario primero la prueba de los daños de conformidad con el artículo 194, párrafo 2, del Código de Enjuiciamiento Civil, y para esto es indispensable un juicio. La corte también tenía derecho, nos inclinamos a creer, a examinar la demanda para ver si determinaba una causa de acción.

Los apelados entonces presentaron una moción para que se abriera la rebeldía y diera tiempo para contestar, moción que fué concedida por la corte, resolución que constituye el tercer motivo de error. Ahora debemos, de uno u otro modo, confesar que no entendemos la terminología de

los apelantes al sostener que la corte carecía de jurisdicción para conceder la moción. Tenemos la firme creencia de que tenía tal jurisdicción y de que la facultad para abrir una rebeldía es inherente en la corte y no depende solamente del artículo 140 del Código de Enjuiciamiento Civil, y que aunque así fuera, dicho artículo es lo suficientemente lato para conferir a la corte amplia discreción en cuestiones como ésta.

Y no vemos que haya habido abuso de discreción. Los apelantes muestran muy claramente que los demandados emplearon dos meses y ocho días en preparar su contestación desde la fecha en que fué desestimada la excepción previa. Dudamos si debiéramos intervenir con la discreción de la corte inferior al abrir una rebeldía en un caso de negligencia cuya cuantía es de $5,000 después de dos meses y ocho días de quietud por parte de los demandados, si éstos o sus abogados demostraron en forma adecuada su buena fé, pero el caso en favor de los apelados es mucho más fuerte. Se anotó la rebeldía de los demandados el día 10 de mayo y la contestación se formuló en mayo 20, después de la anotación de la rebeldía. El *affidavit* del abogado de los apelados demuestra que él recibió la notificación de la orden de la corte de mayo 7 por la que se eliminaban las dos mociones de los apelados el día 15 de mayo y que inmediatamente empezó a dar los pasos necesarios para radicar la contestación. El referido abogado jura haber enviado su contestación a la oficina del secretario el día 18, que era sábado; que estaba muy ocupado con muchos asuntos incluyendo un caso apelado a la Corte Suprema. Pero sin todo esto, es evidente que es necesario un término de algunos días para preparar una contestación si las mociones preliminares han sido declaradas sin lugar; y cuando un abogado, que procede de buena fé deja de contestar por algunos días, sea cual fuere su creencia, la corte considerará cualquier demora como una inadvertencia. Lo contrario sucede, por supuesto, si la corte nota en el demandado una disposición

de ocasionar demora, teoría que no es posible sugerir en este caso. Sin extendernos demasiado en esta parte de la opinión podemos decir que aunque los apelantes tenían un derecho técnico a la rebeldía, la corte hubiera abusado de su discreción al negarse a abrirla.

Estas consideraciones resuelven las cuestiones de procedimiento. Como hemos indicado la corte o el secretario podrían haber examinado la demanda para cerciorarse si determinaba una causa de acción y haber abierto la rebeldía por esta razón.

Esta fué una acción establecida por daños personales ocasionados a la esposa. De acuerdo con las varias disposiciones del Código Civil los daños que se causan a una persona establecen la obligación de repararlos en la persona que los causa. Es una obligación o derecho que se crea y si el daño se ocasiona a una mujer casada surge entonces la cuestión de a quién pertenece esa obligación o derecho.

En el caso ante nosotros existe una sociedad conyugal compuesta del marido y la mujer. El daño a la esposa no ha sido definido en Puerto Rico como perteneciente a sus bienes propios aunque en los últimos años tal parece ser la ley en Louisiana. De modo que nos regulamos por los preceptos generales del Código Civil. El artículo 1314 define lo que son bienes propios de cada uno de los cónyuges y en dicho artículo no se incluye el derecho de acción por daños y perjuicios. Los artículos 1316 y 1322 prescriben lo siguiente:

"Artículo 1316.—Son bienes gananciales:

"1. Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad bien para uno solo de los esposos.

"2. Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

"3. Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges."

"Artículo 1322.—Se reputan gananciales todos los bienes del ma-
trimonio, mientras no se pruebe que pertenecen privativamente al
marido o a la mujer.''

Por tanto, como esta obligación, propiedad o derecho de
acción surgió después del matrimonio y no es un bien pro-
pio de ninguno de los cónyuges, es necesariamente una pro-
piedad ganancial. Estas consideraciones están sostenidas por
las autoridades que han sido tomadas de los Estados donde
existe la sociedad de gananciales. "McKay on Community
Property," secciones 180-181, donde se citan casos de Texas,
Washington, California, Idaho y asimismo algunos de los
antiguos de Louisiana resueltos antes de haberse verificado
ningún cambio en la ley estatutoria de ese Estado. El re-
ciente caso de *Moody* v. *Southern Pacific Company*, 167 Cal.
786, 141 Pac. 388, es igualmente pertinente.

Como de acuerdo con los artículos 159, 161 y 1327 del
Código Civil el marido es el representante legal de la so-
ciedad conyugal, el derecho de acción por una obligación o
propiedad de la comunidad pertenece a él. Sabemos, desde
luego, que el artículo 62 del Código de Enjuiciamiento Civil
prescribe que todas las personas que tuvieren interés en el
asunto objeto de la acción podrán asociarse y la esposa puede
ser parte propia (*proper party*) en una acción por daños
y perjuicios, pero no es ella la parte principal o necesaria en
la acción. Puede dudarse, en beneficio de la simplicidad,
si debe ella ser asociada bajo cualquier concepto.

Según aparece del caso de *Moody* v. *Southern Pacific Co.*,
141 Pac. 388, *supra*, en una acción por daños personales la
esposa en California se asociaba como parte necesaria por-
que las cortes se sintieron allí obligadas a observar la regla
de la Ley Común, pero no tenemos necesidad de adoptar aquí
esa práctica. En ese mismo caso la corte encuentra poca
lógica en considerar a la esposa como parte necesaria, pero
se sintió obligada por los precedentes. Bajo la práctica de
California, como indica *McKay, supra*, sección 184, un acci-

dente ocasionado a la esposa dió lugar a dos causas de acción, una al marido sólo por la pérdida de su compañía y servicios y por su curación y otra al marido asociado a la esposa por los daños personales.  No es necesaria tal distinción en Puerto Rico pues todos estos incidentes pertenecen a la comunidad.

La demanda ante nosotros fué establecida por la esposa asistida de su esposo el demandante que probablemente se sintió obligado a ello por el artículo 54 de la Ley de Enjuiciamiento Civil, el cual es como sigue:

"Artículo 54.—Cuando una mujer casada es parte en un litigio, necesita del concurso de su marido, excepto:

"1. Cuando la acción ejercitada concierna a sus bienes propios o a su derecho o pretensión a la propiedad de *homestead,* podrá demandar o ser demandada por sí sola.

"2. Cuando la acción sea entre ella y su marido, podrá demandar o ser demandada sola.

"3. Cuando esté viviendo separada o alejada de su marido, a causa de haber sido abandonada por éste, podrá demandar o ser demandada sola."

Sin detenernos a investigar en qué acciones es posible que el marido tenga que asociarse a la esposa, resulta claro que este artículo no tiene aplicación alguna a una acción perteneciente a la comunidad.  La teoría de la demanda era claramente una que envolvía un derecho de acción por parte de la esposa y por tanto no determinaba ninguna causa de acción, siendo innecesario considerar las demás cuestiones interesantes promovidas por el apelante.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.