Antonia Flit de Vázquez, demandante y apelante, *v.* White Star Bus Line, Inc., demandada y apelada.

No. 7085.—*Sometido:* Julio 8, 1935. *Resuelto:* Diciembre 6, 1935.

*Juan B. Soto* y *Juan F. Soto,* abogados de la apelante; *F. Fernández Cuyar,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Antonia Flit de Vázquez inició demanda contra la White Star Bus Line para recobrar los daños y perjuicios por ella recibidos en un accidente. Durante el juicio quedó establecido definitivamente que la demandante era una mujer casada y la corte inferior resolvió que ella no tenía causa de acción, de conformidad con nuestras decisiones en *Vázquez* v. *Valdés,* 28 D.P.R. 467; *Vázquez* v. *P. R. Railway Light & Power Co.,* 35 D.P.R. 62; *Irizarry* v. *Díaz,* 35 D.P.R. 144; y *Dávila* v. *P. R. Railway Light & Power Co.,* 44 D.P.R. 950, toda vez que éste era un derecho perteneciente a la comunidad. La demandante apeló y tenemos ante nuestra consideración una moción para desestimar el recurso por frívolo.

■■■ No trataremos de citar todo el razonamiento de este tribunal, conforme el mismo aparece en el cuidadoso estudio hecho por nosotros en las primeras dos decisiones mencionadas. Los letrados de la apelante insisten en que estamos equivocados y en que jurisdicciones extranjeras, donde existen códigos similares a los nuestros, han asumido distinta posición. Examinando el razonamiento de los comentaristas al Código Civil francés, M. Planiol et G. Ripert, Droit Civil, págs. 265–267, vemos que la razón fundamental para solicitar que se revise nuestra jurisprudencia es que la pér-

.dida o el detrimento para aquel que ha sufrido un accidente es totalmente personal. Podría decirse que la idea es que el cuerpo de una persona necesariamente le pertenece y que cualquier lesión causádale debe también considerarse perso-.nal, y por ende, que es un bien privativo a distinción de propiedad ganancial.

La apelante sugiere que la compensación otorgada es algo parecido a una permuta de bienes. Desde luego, no existe ·nada semejante a la posibilidad de una permuta en el sentido .estricto. Las lesiones físicas en muchos casos no pueden ser ;sustituídas o restituídas. La ley simplemente trata de dar :a una persona compensación por las lesiones recibidas. Admitimos el peso de los argumentos de que la compensación otorgada por lesiones personales debe ser considerada como privativa, mas sin embargo podría aducirse un argumento similar sobre los sueldos o rentas y utilidades de los bienes privativos. No siendo otra cosa que indemnización, el dinero recibido debe considerarse al igual que todo aquello que entra o viene a los fondos comunes de los cónyuges.

Al efecto de que las decisiones de este tribunal son contrarias a alguna de la mejor jurisprudencia sobre bienes gananciales, también podríamos decir con bastante modestia que las opiniones fundamentadas de una corte, sostenidas por más de trece o catorce años, deben también tener algún peso.

Hemos estado asumiendo con la apelante que el Código Civil francés es muy similar al nuestro, pero hay algunas diferencias aparentes y notables. El artículo 1301 de nuestro Código Civil (Edición de 1930) dispone:

"Son bienes gananciales:

"1.—Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

"2.—Los obtenidos por la industria, sueldo o trabajo de los cón--yuges o de cualquiera de ellos.

"3.—Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges."

El Código Civil francés tiene una disposición muy similar. Empero, en Puerto Rico está en vigor el artículo 1299, que lee así:

"Son bienes propios de cada uno de los cónyuges:

"1.—Los que aporte al matrimonio como de su pertenencia.

"2.—Los que adquiera durante él, por título lucrativo, sea por donación, legado, o herencia.

"3.—Los adquiridos por derecho de retracto o por permuta con otros bienes, pertenecientes a uno solo de los cónyuges.

"4.—Los comprados con dinero exclusivo de la mujer o del marido."

y también el artículo 1307, que dispone:

"Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer."

Hasta donde hemos podido averiguar, los dos últimos artículos citados no tienen equivalente en el Código Civil francés.

Es cierto que bajo nuestro Código Civil el artículo 1301 no dice claramente que la compensación proveniente de lesiones producidas al marido o a la mujer será considerada ganancial. Si se examina el artículo 1299, se verá fácilmente que la propiedad o causa de acción en disputa no está definida como privativa. Si se tratara de aplicar la máxima *expressio unius est exclusio alterius* se notará que la indemnización que aquí se trata de recobrar está excluída de ambas definiciones, en otras palabras, que no hay disposición específica en el Código Civil que disponga que la compensación aquí envuelta corresponde a la sociedad conyugal o al individuo privativamente. Sería una cuestión de *casus omissus*.

Bajo estas circunstancias, creemos que puede acudirse al artículo 1307, que crea una presunción en favor de la comunidad. Estamos muy contestes con la apelante en que ésta

es una presunción que de ordinario puede ser controvertida mediante prueba en contrario. Mas nos sentimos obligados a resolver que toda vez que no hay disposición legal que de manera clara otorgue esta clase de bienes a una u otra entidad, todo aquel que tratara de destruir la presunción, se hallaría ante una barrera infranqueable. No puede controvertírsele. Por tanto, nos inclinamos fuertemente al criterio de que la que de ordinario es una presunción refutable se convierte en este caso en presunción concluyente.

Desde luego, estos principios fueron revisados más o menos por este tribunal en *Vázquez* v. *Valdés* y *Vázquez* v. *P. R. Railway, Light & Power Co.*, supra. En adición a esto, la cuestión fué ante la Corte de Circuito de Apelaciones y ésta resolvió que en Puerto Rico el derecho de acción por las lesiones recibidas por la esposa durante el matrimonio, es un bien ganancial. (*P. R. Ry. L. & P. Co.* v. *Cognet et al.*, 3 Fed. (2d) 21.)

El Estado de Louisiana hizo frente a esta dificultad disponiendo de manera clara que la indemnización por los daños y perjuicios causados a la esposa pertenecían a ésta o formaban parte de sus bienes privativos, indicando con ello hasta cierto punto que la regla sería distinta si no existiera el estatuto.

Una de las dificultades en Puerto Rico sería que si la compensación por daños y perjuicios perteneciera separadamente a la esposa, en caso de ocurrir a ésta un accidente, existiría necesariamente un derecho similar a favor del esposo que sufriera lesiones. De suerte, pues, que si un hombre quedaba permanentemente incapacitado y obtenía indemnización y poco después moría, su mujer tendría derecho solamente al usufructo del capital así dejado por el esposo.

*Puesto que nuestras decisiones anteriores han sido y siguen. siendo la ley en Puerto Rico, la apelación es frívola y debe ser desestimada.*