MONSERRATE V. DE SEGARRA, asistida de su esposo don ANTONIO SEGARRA, demandantes y apelantes, *v.* ANTONIO VIVALDI PACHECO, demandado y apelado.

Núm. 8342.—*Sometido:* Diciembre 19, 1941. *Resuelto:* Enero 27, 1942.

*Mario Báez García,* abogado de los apelantes; *Oscar Souffront,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Monserrate V. de Segarra y Antonio Vivaldi celebraron un contrato a virtud del cual· el segundo se obligó a vender a la primera cierta finca urbana consistente en casa y solar, radicada en la carretera que de Mayagüez conduce a Añasco, en el sitio conocido por Urbanización Vivaldi. Entre las condiciones del contrato se hallan las siguientes: (*a*) el precio convenido fué $2,475, del cual recibió el vendedor la

cantidad de $300 al suscribirse el contrato, debiendo satisfacerse los $2,175 restantes a razón de $40 al vencimiento de cada mes a partir del primero de mayo de 1928; (*b*) la cantidad adeudada devengaría intereses a razón del 1 por ciento mensual, los que se deducirían de cada plazo mensual, abonándose el resto del mismo al principal adeudado; (*c*) el incumplimiento de las condiciones del contrato por cualquiera de los contratantes daría lugar a su rescisión y en tal caso el culpable debería pagar al otro la cantidad de $500 por vía de indemnización, sin que dicha suma incluyera cualquier cantidad que adeudare la compradora por concepto de intereses a la fecha de la rescisión; (*d*) la compradora entraría en posesión del inmueble al suscribirse el contrato, debiendo el vendedor trasmitirle el título de la propiedad al pagarse la totalidad del precio convenido.

A virtud del aludido contrato, la demandante ocupó el inmueble y continuó poseyéndolo hasta el 19 de septiembre de 1930, en que habiéndose trasladado a San Juan, reasumió el demandado la posesión del mismo, instituyendo la demandante este pleito en 28 de junio de 1937 en reclamación de los daños y perjuicios que alega haber sufrido por haber quebrantado el demandado, según ella, el contrato de promesa de venta.

La demanda se presentó a nombre de "Monserrate V. de Segarra, asistida de su esposo don Antonio Segarra" y como causa de acción, luego de exponer los hechos antes expresados, alegó: que la demandante satisfizo los $300 que se obligó a pagar al suscribir el contrato, así como las mensualidades devengadas desde mayo de 1928 hasta septiembre de 1930, ambas inclusives, ascendentes a $1,120; que al tener que trasladarse a la ciudad de San Juan dejó la llave de la casa a Ramón Trabal, para que a nombre de ella la alquilase y aplicase el producto de la renta, con algún dinero que ella le enviaría, a los plazos mensuales que fueran devengándose hasta la extinción de la deuda; que pocos días después de hallarse la demandante en San Juan, el demandado

requirió a Trabal para que le facilitase la llave so pretexto de construir un garage en el inmueble y desde esa fecha se negó a entregarle la casa a pesar de los requerimientos de la demandante, habiéndola arrendado el demandado a distintas personas y apropiádose las rentas; que durante el tiempo que la demandante poseyó la casa introdujo en ella reformas necesarias por su cuenta, con el conocimiento y consentimiento del demandado; que éste se negó a cumplir las condiciones del contrato, causando así su rescisión, y al ser requerido por los demandantes para que hiciera efectiva la indemnización convenida, aplazó el pago por algún tiempo, aplazando también la devolución de lo pagado por los demandantes, hasta que el 14 de mayo de 1937 se negó resueltamente a seguir cumpliendo las condiciones del contrato y a pagar la indemnización y devolver el dinero recibido. Como consecuencia de dichos actos del demandado, alegan los demandantes haber sufrido daños y perjuicios que estiman en $2,845, cuyas partidas detallan en la demanda. Termina ésta con súplica de una sentencia por $2,845 con intereses legales desde su radicación, más las costas, gastos, desembolsos y honorarios de abogado.

En su contestación negó el demandado haber quebrantado el contrato y en síntesis alegó que la demandante sólo había pagado plazos por valor de $452.50; que desde el mes de octubre de 1929 había dejado de pagar las mensualidades estipuladas y que a pesar de ello continuó en posesión de la casa hasta el 19 de septiembre de 1930 en que llamó al demandado para informarle que no podía continuar con el contrato conviniéndose entonces entre demandante y demandado en que aquélla le devolvería la casa en consideración a que el demandado le diera cierta cantidad de dinero para trasladarse a San Juan, como en efecto lo hizo, y que pagase ciertas deudas de la demandante y de su hijo, ordenando el demandado preparar el correspondiente contrato de rescisión que se obligó a firmar la demandante antes de salir de Mayagüez, lo que no hizo porque al presentarse el demandado en

la casa de la demandante acompañado del notario para la firma del documento, se encontró que la demandante se había marchado para San Juan y encargado al Sr. Trabal que entregase la llave de la casa al demandado, habiéndose verificado dicha entrega por el Sr. Trabal.

Fué el caso a juicio, dictándose la sentencia apelada, por la que se desestimó la demanda, condenando a la demandante al pago de las costas y de la cantidad de $100 por concepto de honorarios de abogado.

La sentencia está predicada, en primer lugar, en que la suma reclamada por concepto de daños y perjuicios, en caso de ser éstos probados, pertenece a la sociedad conyugal y por consiguiente la acción debe establecerse a nombre del marido, por lo que, no habiéndose hecho así en este caso, de acuerdo con lo resuelto en *Vázquez* v. *Valdés*, 28 D.P.R. 467, la demandante carece de capacidad para instituir la acción; en segundo término se basa la sentencia en que no se probaron las alegaciones esenciales de la demanda.

En su alegato los demandantes apelantes imputan a la corte *a quo* la comisión de once errores. Los siete primeros se contraen a la admisión de evidencia; el octavo y el noveno a haber resuelto el tribunal inferior que la acción establecida corresponde a la sociedad conyugal y que la esposa carece de capacidad para demandar en tales circunstancias; el décimo se refiere a la imposición de costas a la demandante, y el undécimo a la apreciación de la prueba.

Considerada la naturaleza de los errores señalados, parece conveniente iniciar su discusión con los numerados octavo y noveno, ya que de resolverse que la cantidad reclamada es ganancial y que la demanda ha sido establecida por la esposa solamente y no por el marido como administrador de la sociedad conyugal, carecería aquélla de capacidad legal para demandar y no habría necesidad de entrar a considerar los errores restantes.

Como hemos visto por la relación de hechos que precede, el contrato en cuestión envuelve el derecho a adquirir un

inmueble, sin que de la prueba aparezca que el precio a pagarse tenga carácter privativo, siendo entonces de aplicación lo dispuesto en el artículo 1307 del Código Civil al efecto de que "se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer." Se ha resuelto repetidamente por este tribunal que si bien la mujer por sí sola no puede enajenar o gravar los bienes de la sociedad conyugal, sin embargo nada impide que pueda ella adquirir bienes para dicha sociedad, y que no puede calificarse de defecto subsanable siquiera, la incomparecencia del marido en la escritura por la cual se adquiere el inmueble. *Fuster* v. *Paonesa,* 43 D.P.R. 760; *E. Solé & Co.,* v. *Sepúlveda,* 41 D.P.R. 813.

Siendo ello así, no está el demandado vendedor impedido *(estopped)* en forma alguna, de alegar que un derecho así adquirido es ganancial.

■■ Si el derecho a adquirir el inmueble una vez cumplidas por la compradora todas las condiciones del contrato es un derecho que no corresponde privativamente a cualquiera de los cónyuges y sí a la sociedad conyugal es obvio que los daños y perjuicios que puedan obtenerse por la privación de ese derecho se reputan gananciales. Tratándose, pues, de la reclamación de bienes gananciales, el pleito debe instituirse a nombre de dicha sociedad, y como prescribe el artículo 1312 del Código Civil que el marido es su administrador, corresponde a éste, como tal administrador, y no a la esposa, ejercitar la causa de acción.

En el caso de *Vázquez* v. *Valdés,* supra, invocado por la corte sentenciadora, se trataba de un pleito establecido en reclamación de daños personales sufridos por la esposa. La acción fué interpuesta por ésta, asistida de su marido, y después de resolverse que la acción pertenecía a la sociedad conyugal, se confirmó la sentencia que desestimó la demanda, porque del contexto de ésta surgía que la acción se ejercitaba para beneficio de la esposa y no a favor de la sociedad de gananciales.

Ahora bien, ¿concurren en el presente caso las mismas circunstancias que sirvieron de base a este tribunal para resolver en el caso de *Vázquez* v. *Valdés,* supra, que la acción allí establecida lo fué para beneficio de la esposa exclusivamente y no a favor de la sociedad conyugal, a quien en realidad pertenecía el derecho reclamado?

Si nos detenemos a examinar las alegaciones de la demanda en el presente caso, inmediatamente veremos que la acción instada por la esposa, asistida de su marido, ha sido ejercitada en beneficio de la sociedad conyugal y no en el de la esposa, como sucedió en *Vázquez* v. *Valdés,* supra. La demanda se tituló "Monserrate V. de Segarra, asistida de su esposo don Antonio Segarra", y en su párrafo séptimo se alega que *"los demandantes cumplieron siempre con todas las condiciones del contrato* y requirieron al demandado a que también las cumpliera;" en el octavo que "como consecuencia de los actos del demandado, *los demandantes han sufrido daños y perjuicios"* que inmediatamente pasan a especificar, y por último, en la súplica se pide "que se condene al demandado *a pagar a los demandantes* la cantidad reclamada en la demanda de $2,845. . .''

Es evidente, a nuestro juicio, que la acción se establece no en beneficio exclusivo de la esposa, sino para la sociedad conyugal.

Sentada esta premisa, réstanos ahora determinar si en el presente caso la acción ha sido establecida por el esposo como exige el artículo 1312 del Código Civil. A nuestro juicio lo ha sido. Habiéndose instado el pleito por la esposa asistida de su marido Antonio Segarra, este último es parte en la acción. "Asistir", según el Diccionario de la Lengua Castellana de la Real Academia Española, 14ª. ed., y el Diccionario Enciclopédico Hispanoamericano, significa "acompañar a alguno en un acto público; ayudar; *estar presente."* "Asistencia", según Escriche, "Diccionario de Legislación y Jurisprudencia", es "la acción de asistir o *la presencia actual."* De suerte que al expresarse que la esposa está

asistida de su esposo, claramente se indica que este último está presente, que se ha personado en los autos, y que juntamente con la esposa reclama el remedio solicitado en la demanda. De ahí que en las escrituras en que se enajenan o gravan bienes inmuebles de la sociedad conyugal, para lo cual es indispensable el consentimiento expreso de ambos cónyuges, frecuentemente comparezca el marido "asistido de su esposa", y siempre se ha considerado que la comparecencia de la esposa en esa forma es suficiente. Por consiguiente, en el presente caso sólo podría decirse que la comparecencia de la esposa es superflua (surplusage), y siendo así, puede hacerse caso omiso de ella, subsistiendo la del esposo, quien, como administrador de la sociedad conyugal, tiene el derecho de representarla en esta acción.

Por lo expuesto, opinamos que si bien se trata de una reclamación de bienes pertenecientes a la sociedad de gananciales, la acción ha sido instituída por el esposo y por consiguiente erró la corte sentenciadora al sostener la excepción previa a la demanda. Esta conclusión nos obliga a considerar los demás errores señalados por los apelantes.

Los siete primeros se refieren a la admisión en evidencia de: (1) el original de una cuenta que alegó el demandado haber entregado a la demandante; (2) un recibo suscrito por José Rafols Roger que aparece al calce del contrato de venta condicional celebrado entre dicho señor y Carlos L. Segarra, hijo de los apelantes; (3) un documento sin fecha suscrito por la demandante; (4) un pagaré de $15 firmado por el demandante Antonio Segarra a favor del demandado; (5) permitir que se interrogara al demandado sobre transacciones entre terceras personas no interesadas en este contrato; (6) un recibo de contribuciones correspondiente al segundo semestre de enero primero a junio 30 de 1930, sin haber sido debidamente identificado; y (7) un talonario de recibos hecho y conservado por el propio demandado.

De la contestación y de la prueba ofrecida por el demandado claramente surge su posición en este pleito, que es controvertir la aseveración de la demandante al efecto de que no obstante haber ella cumplido todas sus obligaciones contractuales, el demandado dejó de cumplir las suyas, apoderándose ilegalmente del inmueble, sin el consentimiento y a espaldas de la demandante. A corroborar la declaración del demandado tiende la prueba objetada a que se refieren los siete. errores que nos ocupan.

La cuenta a que se contrae el primer señalamiento de error es la liquidación que conforme declaró el demandado, preparó a instancias de y entregó a la demandante el 15 de septiembre de 1930 para que sirviese de base al contrato de rescisión. Este documento fué producido por la propia demandante a requerimiento del demandado y aunque ella declaró que lo recibió en 1931 por conducto de su abogado entonces, Sr. Llorens Torres, el demandado declaró que lo había entregado a ella personalmente el 15 de septiembre de 1930, fecha que coincide con la del documento y muy próxima a aquella en que debería firmarse, según el demandado, el contrato de rescisión.

El recibo a que se refiere el segundo señalamiento de error es uno firmado por José Rafols Roger al calce de un contrato de venta condicional celebrado entre dicho señor y el hijo de la demandante, y tiende a acreditar que el demandado pagó la cuenta del hijo de la demandante en cumplimiento del contrato de rescisión.

El documento sin fecha que motiva el tercer señalamiento de error aparece suscrito por la demandante, quien admitió haberlo firmado, y está relacionado con la rescisión alegada por el demandado.

El pagaré por $15 suscrito por el esposo de la demandante a favor del demandado, que es objeto del cuarto señalamiento de error, aparece relacionado en la aludida liquidación y tiende a probar su exactitud.

El interrogatorio a que se refiere el quinto señalamiento de error es la declaración del demandado al efecto de haber pagado cierta deuda del hijo del demandante, Carlos L. Segarra, a favor de Francisca Albino, en cumplimiento de lo convenido con la demandante.

El recibo de contribuciones a que se contrae el sexto señalamiento de error fué admitido para probar que el demandado había pagado la contribución sobre la casa por cuenta de la demandante, identificándose suficientemente la propiedad, y por último, el talonario a que se contrae el séptimo señalamiento de error se presentó para probar que el último pago hecho por la demandante a virtud del contrato de promesa de venta se efectuó el 6 de septiembre de 1929, lo que corrobora la declaración del demandado al efecto de que al entregarle la casa, la demandante hacía cerca de un año que no pagaba los plazos de $40 mensuales.

Toda esta prueba es admisible, pero asumiendo que no lo fuera cualquiera de esos documentos, ese error no causaría la revocación de la sentencia, pues independientemente de esa prueba, subsistiría la declaración del demandado, a la que dió entero crédito la corte sentenciadora. Pero yendo más lejos aún y descartando la declaración del demandado, el resto de la evidencia no sostiene las alegaciones de la demanda.

El testigo Trabal, a quien la demandante rehusó llamar a declarar pretextando que se hallaba ocupado en el establecimiento de Smallwood Brothers y a quien dijo la demandante que había comisionado para que administrase su casa y pagase con sus rentas y con lo que ella le enviase los plazos mensuales, llamado por el demandado negó que se le hubiese encomendado tal gestión, y por el contrario declaró que la llave de la casa le fué dejada por la demandante con la madre del testigo para que éste la entregase al demandado una vez sacados los muebles de la demandante, declaración ésta que no sólo desacredita la de la demandante, si que corrobora fuertemente la del demandado.

Después de lo dicho, poco tenemos que agregar en relación con el undécimo error, que se refiere a la apreciación de la prueba. Bastará llamar la atención al efecto de que fué contradictoria y que la corte, muy acertadamente, a nuestro juicio, no dió crédito a la de la demandante, y por el contrario lo dió a la del demandado, y bajo las circunstancias que concurren en este caso, no podríamos en forma alguna alterar esa decisión.

Parece conveniente consignar aquí que no debe entenderse que sostenemos que el contrato de rescisión a que se refiere la prueba del demandado, celebrado aunque no firmado por la esposa sin el consentimiento expreso del marido, sea válido. Dicha transacción sólo tiende a controvertir la alegación de los demandantes al efecto de que el demandado quebrantó el contrato de promesa de venta, apoderándose de la casa sin el consentimiento y a espaldas de la demandante.

Finalmente, el décimo error se contrae a la imposición de costas a la demandante. El artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado por la ley número 69 de 1936 (Leyes de 1936 (1) pág. 353) primero, y por la núm. 94 de 1937 (Leyes de 1936–37, pág. 239) después, prescribe que a "la parte a cuyo favor se dicte cualquier sentencia o resolución final le serán concedidas las costas." Habiéndose dictado la sentencia de este caso el 15 de diciembre de 1939, después de enmendado dicho artículo, era imperativo para el juez inferior condenar en costas a los demandantes, y ante la manifiesta temeridad de éstos, no dudamos que hizo buen uso de su discreción al condenarlos a pagar la cantidad de $100 por concepto de los honorarios del abogado del demandado.

*Procede la confirmación de la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.