VALIENTE Y COMPAÑÍA, peticionaria, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. FERNANDO GALLARDO, JUEZ, demandada; FRANCISCA OQUENDO ET AL., interventores.

Núm. 1705.—*Sometido:* Marzo 1, 1948.  *Resuelto:* Marzo 31, 1948.

*Edelmiro Martínez y Luis Blanco Lugo,* abogados de la peticionaria; *Bauzá & Bauzá,* abogados de los interventores, querellantes en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En 15 de enero de 1948 concedimos a la peticionaria Valiente y Compañía un término de treinta días para elevar a éste Tribunal la transcripción de toda la prueba testifical y documental que desfiló ante la corte inferior, debidamente aprobada por ésta. Ante, página 40. Dicha transcripción ha sido elevada y el recurso está ahora definitivamente sometido a nuestra consideración para resolución en sus méritos.

Conforme indicamos en la opinión antes emitida, dos son las cuestiones suscitadas por la peticionaria, a saber:

(1) Que la corte inferior cometió error al no declarar prescrita parcialmente la reclamación de los obreros querellantes y (2) al no desestimar por falta de causa de acción la reclamación de determinadas obreras que siendo mujeres casadas no comparecieron representadas o asistidas por sus esposos.

Dispondremos primeramente de la segunda cuestión planteada, toda vez que de ser declarada la misma con lugar se hace innecesario considerar el primer punto suscitado en cuanto a aquellas personas cuyas querellas son desestimadas a virtud del segundo error imputado.

▮ De acuerdo con el Código Civil "son bienes gananciales: . . . (2) los obtenidos por la industria, sueldo

o trabajo de los cónyuges o de cualquiera de ellos'',(¹) y ''el marido es el administrador de los bienes de la sociedad conyugal''.(²) En innumerables ocasiones este Tribunal ha resuelto que el llamado a comparecer en acciones correspondientes a la sociedad de gananciales lo es el marido y que una demanda entablada por la esposa no aduce hechos constitutivos de una buena causa de acción cuando la cosa reclamada pertenece a la sociedad conyugal y no a ella privativamente. *Segarra v. Vivaldi*, 59 D.P.R. 803, 808; *Flit v. White Star Bus Line Inc.*, 50 D.P.R. 98, y 49 D.P.R. 144, 145; *Capó v. Piñeiro*, 33 D.P.R. 870, 876; y *Vázquez v. Valdés et al.*, 28 D.P.R. 467, 472. Véase también el artículo 54 del Código de Enjuiciamiento Civil.

Según la transcripción de evidencia que tenemos a la vista las siguientes querellantes eran casadas para el 4 de junio de 1943, fecha en que se radicó la querella ante la Corte Municipal de Toa Alta: *Francisca Oquendo, Mariana Álvarez, Ramona Ortiz, Natividad Nieves e Inés Alicea.* Perteneciendo a la sociedad de gananciales los sueldos reclamados por estas querellantes, sus reclamaciones respectivas debieron ser entabladas a nombre de sus esposos y no de ellas. Dada la forma en que han sido interpuestas sus querellas las mismas no aducen causa de acción y deben ser desestimadas.

---

(¹)''Artículo 1301.—Son bienes gananciales:

''1.—Los adquiridos por título oneroso durante el matrimonio a costa·del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

''2.—Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

''3.—Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges.''

(²)''Artículo 91.—El marido será el administrador de los bienes de la sociedad conyugal, salvo estipulación en contrario.

'' .           .        .        '.        .        .''

''Artículo 1312.—El marido es el administrador de la sociedad de gananciales, salvo lo dispuesto en el artículo 91, capítulo III, título IV, libro primero, de este código.''

■ Si bien para la fecha en que se celebró el juicio ante la Corte de Distrito ,de Bayamón la querellante. Ernestina Nieves era casada, de los autos se desprende claramente que ella contrajo matrimonio en 25 de julio de 1943, o sea cerca de dos meses después de haber entablado su querella. Siendo ella soltera para la fecha en que interpuso su acción, no hay duda de que ella podía comparecer a nombre propio.

■ Pasando ahora a la primera cuestión suscitada por la peticionaria, aceptaremos como ciertas las conclusiones de hecho establecidas por la corte inferior en relación con las épocas en que cada uno de los querellantes restantes trabajó para la peticionaria, así como respecto a los períodos en que cada uno de éstos cesó en su empleo. Decimos esto, porque en recursos como el presente este Tribunal no revisará las conclusiones de hechos de la corte recurrida, a menos que en los autos no haya evidencia que sostenga tales conclusiones y que resulte, por ende, que se ha cometido un error de derecho. En el presente caso lo están. *Muñoz v. Corte,* 63 D.P.R. 236.

■■ Interpretando la ley sobre la materia resolvimos en *Jiménez v. Corte,* 65 D.P.R. 37, 41, que "cuando un querellante abandona el trabajo por meses o años en una industria que funciona todo el año, y no se ofrece una explicación para ello el obrero cesa en dicho momento de rendirle servicio al patrono dentro del significado del artículo 1867."(³) (En este caso la corte inferior resolvió que la industria de la peticionaria funcionaba todo el año). También decidimos en *Muñoz v. Corte,* supra, que "el término

---

(³)"Artículo 1867.—Por el transcurso de tres años prescriben las acciones para el cumplimiento de las obligaciones siguientes:

"1.— .      .      .      .      .      . .      .      .

"2.— .      .      .      .      .      .      .      .

"3.—La de pagar a los menestrales, criados y jornaleros el importe de sus servicios, y de los suministros o desembolsos que hubiesen hecho, concernientes a los mismos.

"4.—.      .      .      .      .      ."

prescriptivo de tres años .... para los obreros reclamar a sus patronos el importe de sus servicios empieza a correr desde que dichos obreros dejan de prestar los servicios respectivos y no a partir de la fecha en que el obrero recibe el pago de su salario." Veamos, pues, las interrupciones que ha habido en la labor rendida por cada uno de los querellantes, a fin de determinar si sus reclamaciones están total o parcialmente prescritas, tomando en consideración que, como ya hemos dicho, la querella fué radicada en junio 4 de 1943.

*Francisca Alicea, Ignacia (Tití) Rosado, Rafael Tirado, Severiano Osorio, Ricardo Oquendo, Jesús Rivera Rivera, Gabriela Alicea, Romana Meléndez, Angel Feliciano, Ana María Nieves, Miguel Alicea y Lolín Nieves* interrumpieron sus labores para la peticionaria en 5 de enero de 1940 y no reanudaron las mismas hasta julio 19 de 1941, julio 27 de 1940, julio 15 de 1941, agosto 5 de 1940, octubre 13 de 1941, julio 27 de 1940, julio 26 de 1940, agosto 3 de 1940, julio 27 de 1940, agosto 6 de 1940, agosto 16 de 1940, y agosto 6 de 1940, respectivamente. Esa interrupción en las labores de estos obreros permanece inexplicada en los autos, y siendo ello así toda reclamación hecha por ellos en relación con trabajo realizado con anterioridad al 5 de enero de 1940 ha prescrito, a tenor con la jurisprudencia antes citada.

*José Meléndez* trabajó para la peticionaria hasta el 8 de diciembre de 1939 y no reanudó sus labores hasta el 26 de julio de 1940. Esa interrupción permanece inexplicada en los autos. En su consecuencia, toda reclamación de este obrero con anterioridad al 8 de diciembre de 1939 ha prescrito.

*Ernestina Nieves* interrumpió sus labores para la peticionaria desde el 30 de diciembre de 1939 hasta el 26 de julio de 1940. No aparece en los autos explicación alguna para esa interrupción. Cualquier reclamación de esta obrera

con anterioridad al 30 de diciembre de 1939, en su consecuencia, ha prescrito.

*Eladio Alicea* interrumpió su trabajo para la peticionaria desde el 24 de noviembre de 1939 hasta el 26 de julio de 1940. No hay explicación alguna para esa interrupción. En su consecuencia, toda reclamación de este obrero anterior al 24 de noviembre de 1939 ha prescrito.

*José Pacheco* interrumpió su trabajo para la peticionaria desde el 8 de diciembre de 1939 hasta el 26 de julio de 1940. No hay explicación alguna para esa interrupción. Por tanto, cualquier reclamación de este obrero con anterioridad al 8 de diciembre de 1939 ha prescrito.

*Fermín Rojas* dejó de trabajar para la peticionaria desde el 17 de diciembre de 1939 hasta el 27 de julio de 1940. No hay explicación alguna para esta interrupción. En su virtud, cualquier reclamación de esta peticionaria con anterioridad al 17 de diciembre de 1939 ha prescrito.

*Se dictará sentencia modificando la dictada por la Corte de Distrito de Bayamón en el sentido de declarar como por la presente se declara que las querellas de Francisca Oquendo, Mariana Álvarez, Ramona Ortiz, Natividad Nieves e Inés Alicea, no aducen hechos constitutivos de una causa de acción y que las reclamaciones de los demás querellantes arriba mencionados han prescrito desde las fechas antes indicadas.*