CARMEN SERRANO, demandante y apelante, *v.* JOVITO GONZÁLEZ, demandado y apelado.

Núm. 9459.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Abril 19, 1948.

A. *Figueroa Rivera*, abogado de la apelante; *F. González, Jr.*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este es el primer caso en esta jurisdicción en el cual un cónyuge establece una acción contra el otro reclamando indemnización por daños a su persona. La corte inferior declaró sin lugar la demanda a base de una moción para desestimar por insuficiencia de hechos constitutivos de causa de acción.

Como dice Manresa, hoy nadie puede alegar seriamente la unidad de persona en el matrimonio, pues no hay precepto alguno en el Código Civil, ni en ninguna otra ley, de donde pueda derivarse ese principio. Manresa, Comentarios al Código Civil Español (2da. ed. 1908) t. 10, pág. 93.[1] Con menos razón puede alegarse la unidad de persona bajo nuestro Código Civil, el cual ha eliminado muchas de las incapacidades de la mujer consignadas en el Código Civil Español.[2] Sin embargo, no todas las incapacidades han sido eliminadas. El artículo 93 del Código Civil limita la capacidad de la mujer para comparecer en juicio a aquellos casos que se refieran a la defensa de sus derechos o de sus bienes propios, al desempeño de la patria potestad, a la tutela o administración que le confiera la ley y al ejercicio de una profesión, cargo u ocupación. Con motivo de esa limitación y por ser el marido el administrador y representante legal de la sociedad conyugal, reiteradamente ha resuelto este Tribunal que una demanda interpuesta por la mujer en reclamación de derechos pertenecientes a la sociedad de gananciales, no aduce hechos constitutivos de causa de acción. *Valiente & Cía.* v. *Corte,* ante, pág. 40; *Flit* v. *White Star Bus Line, Inc.,* 49 D.P.R. 144; *Flit* v. *White Star Bus Line, Inc.,* 50 D.P.R. 98; *Vázquez* v. *Valdés et al.,* 28 D.P.R. 467. Y como ha quedado establecido en esta jurisdicción que la indemnización concedida por daños personales a cualquiera de los cónyuges pertenece a la sociedad de gananciales, la mujer carece de capacidad para establecer tal acción. *Flit* v. *White Star Bus Line, Inc.,* supra; *Vázquez* v. *Valdés et al.,* supra.

[1] El Código de Siete Partidas, 3ra. Partida, Título II, Ley V, prohibía pleitos entre cónyuges basándose, precisamente, en la unidad de persona.

[2] Compárense los artículos 60, 61, 62, 1387, 1388 y 1413 del Código Civil Español con los 91, 92, 93 y 1313 del nuestro. Además, la mujer bajo el Código Civil Español, no puede adquirir bienes para la sociedad conyugal sin licencia de su marido. En cambio, en esta jurisdicción, por interpretación judicial, puede adquirir, sin licencia alguna, cualquier clase de bienes, incluyendo inmuebles, para la sociedad de gananciales. *Segarra* v. *Vivaldi,* 59 D.P.R. 803.

Es verdad que la Regla 17 (*d*) (2) de las de Enjuiciamiento Civil invocada por la apelante prescribe que la mujer casada no necesita del concurso de su marido para establecer una acción entre ella y él y que en tal caso podrá demandar o ser demandada sola. Pero esa Regla se refiere a aquellos casos en que la mujer reclame un derecho de ella, no uno de la sociedad de gananciales, el cual sólo el marido puede reclamar como representante legal de dicha sociedad. Además esta Regla se refiere exclusivamente a cuestiones de procedimiento y no de derecho sustantivo. En otras palabras, la Regla no crea una causa de acción que antes no existía. *Schroeder* v. *Longenecker,* 7 F.R.D. 9 (1947).

En Luisiana una mujer casada no puede demandar a su marido mientras exista la relación marital, excepto para obtener separación o para la separación de la, propiedad o para la restitución y goce de su propiedad parafernal o en caso de que ella tenga su propiedad separada de la de él a virtud de capitulaciones matrimoniales o por divorcio; pero en ningún caso puede ella demandar a su marido sin la autorización de la corte ante la cual presente su acción. Artículo 105 del Código de Práctica de Luisiana. Y en la mayoría de las jurisdicciones de los Estados Unidos donde impera la Ley Común, los Tribunales han negado esa causa de acción entre esposos basándose en razones de orden público (*public policy*), a pesar de existir estatutos que aparentemente tienden a autorizar la acción. *Thompson* v. *Thompson,* 218 U.S. 611 (1910), Haglund, *Tort Actions Between Husband and Wife,* (1939) 27 Geo. L. J. 697–731, 893–922; William E. McCurdy, *Torts Between Persons in Domestic Relation,* (1930) 43 Harv. L. Rev. 1030; Anotación en 130 A.L.R. 889.

*Procede, por lo expuesto, la confirmación de la sentencia.*