JOSÉ FERNÁNDEZ, VICTORINO CADILLA y ADELINE FERNÁN-
DEZ, demandantes, apelados y apelantes, *v.* CONDADO
BEACH HOTEL, CORP., demandada, apelante y apelada.

Núm. 10098.—*Sometido:* Noviembre 5, 1951. *Resuelto:* Diciembre 29, 1951.

*Lino J. Saldaña, Luis F. Sánchez Vilella, José Trías Monge, C. Morales, Jr., y Sara Torres Peralta,* abogados de la apelante apelada; *Henry G. Molina* y *D. Curet Cuevas,* abogados de la apelada apelante.

EL JUEZ PRESIDENTE SEÑOR TODD, JR., emitió la opinión del tribunal.

José Fernández, Victorino Cadilla y Adeline Fernández acumularon en una demanda sus respectivas reclamaciones de salarios contra el Condado Beach Hotel, Corp., al amparo de la Ley núm. 10 de 14 de noviembre de 1917 ((2) pág. 217), según enmendada. La demanda no contiene alegación alguna que pudiera indicar que José Fernández y Adeline Fernández fueran marido y mujer. Tampoco el epígrafe de la demanda, ni la comparecencia ni la súplica, contienen indicación alguna de que José Fernández hiciera reclamación alguna en representación de o para la sociedad de gananciales que pudiera existir entre él y Adeline Fernández. Por el contrario, en la demanda cada demandante hizo su reclamación, en párrafos separados, para sí mismo.

Fué durante la celebración del juicio que José Fernández, como testigo de la reclamación de la demandante Adeline Fernández, declaró que durante todo el tiempo en que ella trabajó con la demandada había estado casada con él.

. Fundado en estos hechos, el tribunal inferior declaró sin lugar la demanda por no aducir una causa de acción en cuanto a la reclamación de la codemandante Adeline Fernández y en este recurso ella sostiene que erró al resolver que Adeline Fernández compareció por sí misma a establecer su reclamación y al dejar de determinar las horas extras trabajadas por ella durante el tiempo que trabajó para la demandada. [1]

En innumerables casos hemos reiterado la regla de que una mujer casada necesita el concurso de su marido para poder litigar una causa de acción que pertenece a la sociedad de gananciales. *Vázquez* v. *Valdés et al.*, 28 D.P.R. 467; *Capó* v. *Piñeiro*, 33 D.P.R. 870; *Vázquez* v. *Porto Rico Ry., Lt. & P.*, 35 D.P.R. 62; *Flit* v. *White Star Bus Line, Inc.*, 50 D.P.R. 98; *Segarra* v. *Vivaldi*, 59 D.P.R. 803; *Valiente & Cía.* v. *Corte*, 68 D.P.R. 529; *Serra* v. *Autoridad de Transporte*, 68 D.P.R. 626; *Rivera* v. *De Martínez*, 70 D.P.R. 482; *Meléndez* v. *Iturrondo*, 71 D.P.R. 60; *Echevarría* v. *Despiáu*, 72 D.P.R. 472. Y en el de *Valiente & Cía.* v. *Corte*, supra, específicamente resolvimos que una demanda en reclamación de salarios entablada por y a nombre de una mujer casada no aduce hechos constitutivos de causa de acción ya que tales salarios, de acuerdo con el artículo 1301 (2) del Código Civil, ed. de 1930, pertenecen a la sociedad de gananciales, correspondiendo al marido demandar.

Ahora bien, en la mayoría de los casos antes citados, la cuestión fué planteada bien a virtud de excepción previa o de moción para desestimar la demanda, alegándose que la misma no aducía una causa de acción. Aun en dicha situación la tendencia de este Tribunal ha sido hacer caso omiso de la comparecencia de la esposa y dejar subsistente la del esposo cuando ella ha comparecido "asistida de su esposo" o cuando de las alegaciones se podía inferir que la reclamación

---

[1] La demanda en cuanto a los codemandantes José Fernández y Victorino Cadilla fué declarada con lugar, habiendo apelado ambas partes de la sentencia, pero los recursos fueron desistidos previa transacción aprobada por el Comisionado del Trabajo.

se hacía para la sociedad de gananciales. *Segarra* v. *Vivaldi,* supra; *Meléndez* v. *Iturrondo,* supra.

La situación en el presente caso es distinta. Aquí no se planteó cuestión alguna previa por la demandada debido, seguramente, al hecho de que de la demanda no aparecía nada que indicara que José Fernández y Adeline Fernández eran casados. Empero, al presentarse la prueba durante el juicio, y sin que la demandada hiciera objeción alguna, se probó que dichos demandantes eran casados, tanto para la fecha en que se prestaron los servicios por Adeline Fernández como para la fecha en que se radicó la demanda. Ante situación similar, en el caso de *Echevarría* v. *Despiáu,* supra, que era uno de daños y perjuicios, resolvimos que la demanda podía considerarse como enmendada para conformarla con la prueba. Al efecto dijimos, a las págs. 475-76:

"Sostienen, sin embargo, los demandados que ni en el título de la causa ni en el cuerpo de la demanda se hace constar en forma alguna que la misma se incoa a nombre y para beneficio de la sociedad de gananciales. Tienen razón en su aserto. Ello no significa, sin embargo, que por tal motivo la demanda no aduzca una causa de acción, ya que durante el curso del juicio surgió reiteradamente que el demandante era hombre casado, tanto para la fecha en que ocurrió el accidente como para la fecha en que se radicó la misma. Bajo estas circunstancias el tribunal sentenciador pudo *motu proprio* considerar la demanda como enmendada a tal efecto."

Aun cuando las Reglas de Enjuiciamiento Civil no eran aplicables a estos procedimientos en reclamación de salarios para la fecha en que se inició y se vió este caso en septiembre 2 de 1947 y 2 de enero de 1948, respectivamente, ([2]) con anterioridad a su vigencia reiteradas veces hemos resuelto que admitida, sin oposición, prueba sobre un hecho esencial a la causa de acción ejercitada, la demanda puede considerarse enmendada aún en apelación. *Miranda* v. *The P. R. Ry., Lt. & P. Co.,* 31 D. P. R. 778; *Rodríguez* v. *American Railroad*

---

([2]) Véanse la Ley núm. 182 de 12 de mayo de 1948 ((1) pág. 471) y *Cáceres* v. *García,* 71 D.P.R. 406.

*Co.*, 43 D.P.R. 493; *Almodóvar* v. *Acosta*, 43 D.P.R. 200; *Ruberté* v. *American Railroad Co.*, 52 D.P.R. 371.

En el caso de autos, habiendo comparecido José Fernández para reclamar los salarios adeudádosle y haciéndose al mismo tiempo una reclamación de salarios a favor de Adeline Fernández, al demostrar la prueba que ellos eran casados, la demanda debe considerarse enmendada en el sentido de que el esposo, como representante de la sociedad de gananciales, es el que hizo ambas reclamaciones.

El primer error fué cometido y también el segundo, pero como este último requiere que sea el tribunal inferior quien determine, por la apreciación que haga de la prueba, si se demostró que la demandada adeuda algo a Adeline Fernández, el caso será devuelto para dicho fin.

*Debe revocarse la sentencia y devolvérse el caso para ulteriores procedimientos.*