GARCÍA COMMERCIAL, INC., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. E. S. BELAVAL, JUEZ, demandado; VICENTE BELGODERE, JR., interventor.

Número 1970.

*Sometido:* 21 de noviembre de 1952.   *Resuelto:* 20 de febrero de 1953.

*McConnell & Valdés* y *Elmer Toro Lucchetti,* abogados de la peticionaria; *Marcelino Romany,* abogado del interventor, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Vicente Belgodere, Jr., instó ante el antiguo Tribunal de Distrito de Puerto Rico, Sección de San Juan, en 1º de noviembre de 1951, demanda en reclamación de salarios contra García Commercial, Inc., de conformidad con lo dispuesto por la Ley núm. 10 de 14 de noviembre de 1917 (Vol. II, pág. 217). Alegó en ella haber trabajado para la demandada, entre el 8 de octubre de 1945 y el 8 de junio de 1950, en exceso

de cuarenta horas semanales, invocando la Fair Labor Standards Act; en exceso de 8 horas diarias, durante el mismo período, invocando la Ley 379 de 15 de mayo de 1948 (pág. 1255) ; y horas extras en domingos en violación de la última citada ley; y que del primero de octubre de 1949 al 8 de junio de 1950 no le fueron concedidos ciertos días de vacaciones a que tenía derecho. Su reclamación total, incluyendo la penalidad, ascendió a $8,256.44.

Contestó la querellada y, luego de negar las alegaciones fundamentales de la demanda, alegó afirmativamente que durante el término de su empleo el querellante se dedicó única y exclusivamente a intervenir en las actividades de ella relacionadas con el comercio al *detall*, por lo que sus actividades no estaban cubiertas por la Fair Labor Standards Act. Además, negó específicamente que el querellante estuviese en algún momento durante el término de su empleo ocupado en actividades relacionadas con el comercio interestatal. Posteriormente, y con autorización del tribunal, la querellada adujo como defensa especial que la causa de acción del querellante en cuanto a los años 1945 al primero de noviembre de 1949 se hallaba prescrita de acuerdo con las disposiciones federales sobre la materia. (¹)

---

(¹) Véase 29 U.S.C.A. sección 255, preceptiva de que:

"Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

"(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to May 14, 1947—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to May 14, 1947, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after May 14, 1947 unless at the time commenced it is barred by an applicable State statute of limitations."

Trabada la contienda en la forma reseñada, el querellante presentó una moción interesando se ordenara a la querellada le permitiera inspeccionar y copiar lo pertinente de cada uno de los siguientes documentos:

*a.* Nóminas de todos los empleados de la querellada García Commercial, Inc., durante el período comprendido desde octubre 8 de 1945 hasta junio de 1950.

*b.* Contratos de empleo escritos de todos los empleados durante el mismo período.

*c.* Tarjetas donde consta el horario de todos los empleados durante el mismo período.

*d.* Que se le permita el examen de todos los almacenes y oficinas de la querellada García Commercial, Inc.

*e.* Facturas de todos los exportadores durante el mismo período de tiempo.

*f.* Cartas cruzadas entre García Commercial, Inc. y la Wage & Hour Division del U. S. Department of Labor.

*g.* Libro mayor y jornal que cubran el período cubierto por la demanda o sea de octubre 8 de 1945 hasta junio de 1950.

*h.* Libro de caja.

Se opuso la querellada y después de celebrar una vista el tribunal a quo dictó extensa resolución declarando con lugar la moción en su totalidad. En su resolución el tribunal recurrido expuso los motivos por los cuales autorizaba el examen de todas y cada una de las partidas mencionadas en la moción. Al referirse a la cuestión de prescripción hizo constar que: "Si . . . se demostrara por la evidencia que el querellante se dedicaba a actividades dentro del comercio interestadual, la defensa de prescripción sería válida en todo aquello que estuviere relacionado con el comercio interestadual. 29 U.S.C.A. sección 255; *Ricci* v. *El Mundo*, 85 Fed. Supp. 82. Pero alegando la querellada como alega que el querellante se dedicaba 'única y exclusivamente a intervenir en las actividades de la querellada relacionadas con el comercio al detall' . . . *no puede el tribunal resolver la cuestión de prescripción hasta haber recibido la evidencia de ambas partes. Por lo tanto, dejaremos sin resolver la cuestión hasta después de recibir la*

*evidencia."* Solicitada reconsideración por la querellada, su moción fué declarada de plano sin lugar. Acudió entonces la querellada ante nos con una petición de *certiorari* y en respuesta a la misma en 5 de septiembre de 1952 dictamos una resolución que literalmente copiada reza .en lo esencial así:

"Notifique la peticionaria a Vicente Belgodere, Jr., su anterior solicitud de certiorari, y se concede a todas las partes un término de diez días para que radiquen sendos escritos exponiendo los motivos que pudieran tener, por los cuales con vista de lo resuelto por este Tribunal en el caso de *Shell Co. (P.R.) Ltd.* v. *Tribunal de Distrito,* 73 D.P.R. 451, no deba anularse la resolución dictada por la corte inferior el día 22 de julio de 1952 en el caso de dicho tribunal número 51-3984, Vicente Belgodere, Jr., v. García Commercial, Inc., sobre Reclamación de Salarios."

Dieron las partes cumplimiento a nuestra resolución y a instancias del interventor Belgodere (querellante en la acción principal) señalamos una vista, durante la cual las partes no se limitaron a discutir la cuestión de prescripción, si que también argumentaron sobre los demás errores señalados por la querellada en su petición.

■ La Regla 34 de las de Enjuiciamiento Civil preceptúa que:

"(*a*) *Inspección de Documentos y Examen de Propiedades Inmuebles.*—A moción de cualquier parte que demuestre justa causa para ello y mediante notificación a todas las otras partes la corte ante la cual estuviere pendiente una acción podrá: (1) ordenar a cualquier parte que exhiba y permita la inspección y copia o fotografía, por o a nombre de la parte promovente, de determinados documentos, papeles, libros, cuentas, cartas, fotografías, objetos o cosas tangibles, no privilegiadas, que constituyan o contengan evidencia pertinente a cualquier cuestión envuelta en la acción y que estuvieren en o bajo su poder, custodia o control; (2) ordenar a cualquier parte que. permita la entrada en tierras designadas u otra propiedad. en su posesión o bajo su control, con el propósito de inspeccionar, medir, deslindar, o tomar fotografías de la propiedad o de cualquier objeto u operación relevante dentro de la misma."

Del contexto de esa regla se verá que para que proceda una moción sobre inspección de documentos, etc., es menester no sólo que se demuestre justa causa para ello, sino también que la exhibición o inspección interesadas sean de objetos o cosas tangibles, no privilegiados, que constituyan o contengan evidencia pertinente a cualquier cuestión envuelta en la acción.

Según los tratadistas y la jurisprudencia, la Regla 34 debe ser interpretada con toda la amplitud y liberalidad posibles— *Hickman* v. *Taylor*, 329 U.S. 495, 507, 91 L. ed. 451, 460; *Shell Co. (P.R.) Ltd.* v. *Tribunal de Distrito*, 73 D.P.R. 451, 461, 466; 41 Mich. L. Rev. 205, 215—y el alcance del examen o inspección que se autoricen bajo la misma serán tan amplios como el del examen por deposición bajo la Regla 26 (*b*) o como el que se hace mediante interrogatorios a tenor de la Regla 33. Moore's *Federal Practice*, Segunda Ed., Vol. 4, secciones 34.08 y 34.09. No obstante esa liberalidad y esa amplitud, los tratadistas y la jurisprudencia están contestes en que "En casos corrientes una moción sobre descubrimiento de prueba o exhibición de documentos relacionados con cosas que están fuera del período prescriptivo o que se refieran a una época que no sea pertinente a los fines de aquéllos, puede ser denegada, a no ser que se trate de una conspiración continuada, de casos que envuelvan fraude u otro daño, siempre que el descubrimiento pueda abarcar un período prolongado." Op. cit. sección 34.10 y casos en ella citados en las notas 17 y 18. Cf. nota 2.

Empero, conforme se recordará, la reclamación del querellante Belgodere se refiere a trabajo realizado entre el 8 de octubre de 1945, y el 8 de junio de 1950. La querella fué presentada, repetimos, el 1º de noviembre de 1951. No ocurre, pues, en el presente caso lo que en el de *Shell Co. (P.R.) Ltd.* v. *Tribunal de Distrito, supra*, donde la reclamación se retrotrajo a 14 años, y donde dijimos, muy acertadamente, a nuestro juicio, que "cuando una reclamación se retrotrae a 14 años, a la demandada debe dársele la oportunidad de soli-

citar una vista preliminar con respecto a su defensa de prescripción . . . Después que el tribunal inferior resuelva la cuestión de prescripción, la demandada será requerida a contestar solamente aquellos interrogatorios que se relacionen con las reclamaciones que no sucumbieron a causa de la prescripción o de alguna otra defensa." Sin embargo, como la reclamación en el caso de autos se retrotrae únicamente a seis años, de los cuales es posible que tan sólo algunos hayan prescrito bajo la Ley Federal de Normas Razonables, lo arriba citado del caso de *Shell Co.* no es de estricta aplicación.(²) Por tanto, el tribunal recurrido no erró al abstenerse de dictaminar previamente sobre la cuestión de prescripción.(³)

▌ Como a pesar de los términos de nuestra citada resolución de 5 de septiembre de 1952 las partes los discuten en sus respectivos alegatos y los discutieron también en la vista oral celebrada, nos referiremos siquiera a grandes rasgos a los demás errores imputados por la peticionaria al tribunal recurrido en su solicitud de certiorari. Éstos son: haber errado al no resolver que el querellante era un empleado de un negocio al *detall;* al permitir la inspección de libros y documentos de la peticionaria que contienen información en cuanto a compañeros de trabajo del querellante que no eran partes en el pleito y que no habrían de ser afectados por el mismo; al ordenar una inspección de naturaleza tan inconveniente, one-

---

(²) En la nota 6 que figura a la pág. 467 de la opinión emitida en el caso de *Shell Co.*, supra, se dice que *"no debe entenderse como que resolvemos que no puede jamás inquirirse por trabajo realizado antes del término prescriptivo.* Por ejemplo, si fuere esto pertinente para determinar una norma de conducta, la investigación no se terminaría necesariamente en forma automática a la fecha en que la prescripción estatutaria finaliza." (Bastardillas nuestras.)

(³) Como la reclamación se funda no sólo en la Ley Federal de Normas Razonables, sí que también en una ley de nuestra Asamblea Legislativa que en casos como el aquí envuelto no fija específicamente un término de prescripción, el derecho a reclamar tales salarios por horas extras prescribe a los tres años de haberse dejado de prestar los servicios respectivos. *Valiente & Cía.* v. *Corte*, 68 D.P.R. 529, 532; *Muñoz* v. *Corte*, 63 D.P.R. 236, 243. Es posible, en su consecuencia, que bajo la Ley 379 de 1948 ya citada la reclamación del querellante no esté prescrita.

rosa y opresiva para la peticionaria, en comparación al pequeño valor relativo que la misma tendría para el querellante; y al resolver que la correspondencia cruzada entre la peticionaria y la División de Horas y Salarios del Departamento de Trabajo de los Estados Unidos es pertinente a los efectos de demostrar si la querellada ha sido considerada o no por dicha División como una detallista.

Fundados en razonamientos similares a los ya expuestos, nuestro criterio es que dicho tribunal tampoco erró al ordenar la inspección de los citados documentos y libros de contabilidad de la querellada, sin decidir previamente la cuestión de si el querellante trabajó en actividades relacionadas con el comercio al *detall* de ella y, por ende, si ésta no estaba cubierta por la Ley de Normas Razonables del Trabajo.

En cuanto a los compañeros de trabajo del querellante que no son partes en el pleito o que no pueden ser afectados por el mismo, el examen e inspección no debió ni debe permitir que se obtenga información respecto a ellos, a menos que se demuestre que tal información suministrará al querellante una pista sobre la labor realizada por su superior inmediato o por sus compañeros de trabajo, que luego le servirá para sustanciar su reclamación. *Shell Co. (P.R.) Ltd.* v. *Tribunal de Distrito*, supra, a la pág. 468; *Fellabaum* v. *Swift & Co.*, 8 Fed. Rules Serv., pág. 609, sección 33.321 caso 1; Moore's *Federal Practice*, Segunda Ed., Vol. 4, sección 34.10, pág. 2459, y casos citados en la nota 9 de la misma.

No creemos que una inspección como la ordenada sea inconveniente, onerosa u opresiva para la peticionaria, toda vez que en la resolución dictada se hace constar claramente que los documentos de referencia habrán de ser puestos a la disposición del querellante, sus agentes o empleados debidamente autorizados durante un período relativamente corto de tiempo, en las propias oficinas de la corporación querellada y a ciertas horas de días laborables.

La correspondencia cruzada entre la peticionaria y la División de Horas y Salarios del Departamento del Trabajo

de los Estados Unidos posiblemente sea pertinente a los fines de determinar la cuestión de si la peticionaria es o no una detallista bajo la Ley Federal citada.

*Por las razones antes expuestas debe modificarse la resolución recurrida en el sentido de dejar sin efecto aquella parte de la misma que permite la inspección de libros y documentos de la querellada que contienen información sobre compañeros de trabajo del querellante que no son partes en el pleito y que no podrían ser afectados por el mismo, y así modificada la aludida resolución será confirmada.*

El Juez Asociado Señor Belaval no intervino.